MICHIGAN WASTE SYSTEMS v DEPARTMENT OF NATURAL
RESOURCES

Docket No. 78507. Submitted May 7, 1985, at Lansing.—Decided
August 16, 1985. Leave to appeal denied, 424 Mich 899.

Plaintiff, Michigan Waste Systems, applied for a landfill construc-
tion permit which the Department of Natural Resources de-
nied. Plaintiff filed a complaint in Ingham Circuit Court, seek-
ing review under the Administrative Procedures Act, alleging
that the permit application denial was a final order. Plaintiff
alleged in separate counts that: (1) the DNR improperly relied
on an unpromulgated policy with respect to odor in denying the
permit; (2) as a matter of law, the permit must issue because
the DNR failed to make a final decision within 120 days; (3) the
term "odor" contained in the DNR administrative rules is
impermissibly vague; and (4) the DNR director employed un-
lawful procedures by basing his denial, in part, upon the
Michigan Environmental Protection Act. The circuit court
issued a temporary restraining order enjoining the DNR from
approving any further solid waste management plans for the
county where plaintiff sought a landfill construction permit if
they did not also include plaintiff's intended landfill site. The
circuit court allowed Charleston Township, Ross Township and
the Barn Theatre to intervene as defendants. Plaintiff filed a
motion for summary judgment alleging that no genuine issue of
material fact existed and that it was entitled to judgment as a
matter of law. The circuit court, James R. Giddings, J., issued
an order lifting the temporary restraining order and dismissing
plaintiff's complaint. Plaintiff appealed as of right. *Held:*

1. The circuit court correctly treated plaintiff's appeal to be
one under the Revised Judicature Act and not under either the
Administrative Procedures Act or the Michigan Environmental

REFERENCES

Am Jur 2d, Administrative Law §§ 170, 349, 473, 474.

Am Jur 2d, Municipal Corporations, Counties, and Other Political
Subdivisions §§ 457-465.

State and local regulation of private landowner's disposal of solid
waste on own property. 37 ALR4th 635.

See also the annotations in the ALR3d/4th Quick Index under
Administrative Law.

Protection Act. The circuit court utilized the proper standard of review, under the Revised Judicature Act, which is not *de novo* but is limited to whether a final decision, finding, ruling or order of an agency is authorized by law.

2. The DNR based its denial of the permit on promulgated administrative rules. Nothing in the pleadings or the court file indicated that the department's denial was based on any unwritten or unpromulgated policy.

3. The 120-day statutory limit for review of a permit application did not expire since the DNR director was under a directive, from the governor, to submit plaintiff's proposed landfill site to a review by the Michigan Environmental Review Board.

4. The term "odor", as used in the administrative rule concerned, is as reasonably precise as the subject matter permits. It is sufficiently broad to permit effective administration by the DNR, yet not so excessively broad that arbitrary application would result.

5. The merits of the DNR's determinations about the construction and operation of the proposed landfill, *i.e.,* it would violate the Michigan Environmental Protection Act and the Air Pollution Control Act, did not present a genuine issue of material fact, since plaintiff did not raise the merits of those determinations in the circuit court, either in its complaint or its motion for summary judgment. The circuit court properly granted summary judgment in favor of defendants.

Affirmed.

1. ADMINISTRATIVE LAW — JUDICIAL REVIEW — AGENCY DETERMINATION — CONSTITUTIONAL LAW — STATUTES.

Review under the statute which provides for an appeal to circuit court from any order, decision or opinion of any state board, commission or agency from which an appeal or other judicial review has not been otherwise provided by law is not *de novo,* but is limited in scope to whether such final decisions, findings, rulings and orders are authorized by law and, in cases in which a hearing is required, whether the same are supported by competent, material and substantial evidence on the whole record (Const 1963, art 6, § 28, MCL 600.631; MSA 27A.631).

2. ENVIRONMENT — SANITARY LANDFILLS — PERMITS — STATUTES.

The statutory period of 120 days for review of a landfill construction permit by the director of the Department of Natural Resources may be tolled when the governor directs the DNR director to submit the landfill proposal to a review by the Michigan Environmental Review Board (MCL 299.412[1]; MSA 13.29[12][1]).

3. ENVIRONMENT — SANITARY LANDFILLS — STANDARDS — SOLID
   WASTE MANAGEMENT.

   The standard "odor" as utilized in the Department of Natural
   Resource rule on landfills is a sufficient standard for delegation
   of legislative authority; it is a standard as reasonably precise as
   the subject matter requires or permits and is sufficiently broad
   to permit efficient administration, yet not so excessively broad
   that arbitrary application would result (1982 AC, R
   299.4305[12][a][iv]).

4. ADMINISTRATIVE LAW — ADMINISTRATIVE RULES — JUDICIAL CON-
   STRUCTION.

   Where the language of an agency rule is unambiguous on its face,
   the court should give effect to the plainly expressed intention of
   the agency.

*Daniel S. Cooper,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, *Robert P. Reichel,* Assis-
tant Attorney General, for the Department of
Natural Resources and Howard A. Tanner, Direc-
tor.

*Foster, Swift, Collins & Coey* (by *Stephen O.
Schultz),* for defendants Charleston Township, Ross
Township and the Barn Theatre.

Before: R. B. BURNS, P.J., and BRONSON and R. L.
TAHVONEN,* JJ.

PER CURIAM. Plaintiff appeals as of right from
an order of the Ingham County Circuit Court
vacating a temporary restraining order and grant-
ing summary judgment to defendants.

Plaintiff, Michigan Waste Systems, is in the
business of constructing and operating sanitary
landfills. The instant dispute arose when the De-
partment of Natural Resources denied plaintiff's
application for a landfill construction permit.

* Circuit judge, sitting on the Court of Appeals by assignment.

Plaintiff is also the lessee of the proposed landfill site, called "Twin Oaks", which is located in Augusta, Kalamazoo County, Michigan.

Pursuant to MCL 299.410(1); MSA 13.29(10)(1), plaintiff applied to the Kalamazoo County Health Department for a construction permit for a proposed Twin Oaks landfill. The application was acknowledged by the health department on March 11, 1982, and was forwarded to the DNR. Initially, the DNR concluded that the proposed landfill met or exceeded the requirements of the Solid Waste Management Act, 1978 PA 641; MCL 299.401 *et seq.;* MSA 13.29(1) *et seq.,* and administrative rules promulgated thereunder. However, in a letter dated May 11, 1982, then-Governor William Milliken requested that DNR director Dr. Howard Tanner initiate a review of the proposed landfill by the Michigan Environmental Review Board (MERB). The MERB was established by Executive Order 1974-4 to assist and advise the governor on environmental matters. Under the terms of Executive Order 1974-4, an environmental impact statement must be prepared and forwarded to the MERB on every proposed major action that may have a significant impact upon the environment.

On May 24, 1982, plaintiff's landfill construction permit application was presented to the MERB, which declared it to be a "major state action" subject to further MERB review. Apparently, as part of its review, the MERB directed the DNR to examine potential odor problems at the proposed site. The DNR's Air Quality Division examined the proposed site for potential odor problems and recommended denial of plaintiff's application because of the unique topography of the area. In October, 1982, the DNR followed this recommendation and denied plaintiff's application. A letter was sent by

DNR director Tanner to plaintiff which stated in pertinent part:

"During the course of the review before MERB, the issue of potential odor problems at the site was raised. Subsequently, the Air Pollution Control Commission directed the Air Quality Division to investigate the alleged odor problem and report to me their findings and recommendations.

"I have read the attached report from the Air Quality Division and I concur with their findings.

"On the basis of R 299.4305(12)(a) of rules promulgated under Act 641, P.A. 1978, I have determined that the isolation distances proposed in your application will not protect adjacent property from odors. I have also determined, under the provisions of the Michigan Environmental Protection Act, Act 127, P.A. 1970, that the alleged pollution and impairment is likely to occur if the landfill is constructed and operated as proposed in your application. In addition, I find that such odors are likely to violate the odor standards promulgated under the provisions of Act 348, P.A. 1965. Therefore, I must deny your application for a solid waste disposal construction permit at the Augusta site."

Plaintiff filed a four-count complaint in the Ingham County Circuit Court on November 16, 1982. Apparently, plaintiff sought review under the Administrative Procedures Act (APA), MCL 24.301 *et seq.;* MSA 3.560(201) *et seq.,* by alleging that the application denial was a final order. Count I alleged that the DNR improperly relied on an unpromulgated "policy with respect to odor" in denying the permit. In Count II, plaintiff alleged that, as a matter of law, the permit must issue because the DNR failed to make a final decision within 120 days. See MCL 299.412(1); MSA 13.29(12)(1). Count III simply alleged that the term "odor" contained in the DNR administrative rules is impermissibly vague. Lastly, plaintiff alleged that the DNR direc-

tor employed unlawful procedures by basing his denial, in part, upon the Michigan Environmental Protection Act, MCL 691.1201; MSA 14.528(201).

The circuit court issued a temporary restraining order, enjoining the DNR from approving any further Kalamazoo County Solid Waste Management Plans which did not also include the Twin Oaks site. In December, 1982, Charleston and Ross Townships and the historic Barn Theatre were permitted to intervene in this action.

Plaintiff brought a motion pursuant to GCR 1963, 117.2(3), alleging that no genuine issue of material fact existed. The circuit court reviewed the DNR's denial of plaintiff's permit application and issued its opinion dated March 30, 1984.

In its opinion, the court indicated that the director of the DNR did not deny plaintiff's application on unlawful procedures resulting in material prejudice to plaintiff and that the decision was neither arbitrary nor capricious. The circuit court further found that neither the pleadings, affidavits, nor the voluminous "record" presented a genuine issue of material fact. The nonmoving parties—the DNR, Charleston and Ross Townships, and the Barn Theatre—were therefore granted summary judgment. The court entered an order lifting the temporary restraining order and dismissing all four counts of plaintiff's complaint.

Plaintiff's first issue on appeal concerns the proper scope and standard of review to be applied in the instant case. Apparently, plaintiff sought *de novo* review of its permit denial in the circuit court. Confusion was engendered, however, because plaintiff's complaint stated that review was sought under the Administrative Procedures Act, MCL 24.301 *et seq.;* MSA 3.560(201) *et seq.* The circuit court correctly ruled that an appeal under the APA was unavailable to plaintiff because the

permit denial was not "a final decision or order in a contested case". MCL 24.203(3); MSA 3.560(103)(3); see *13-Southfield Associates v Dep't of Public Health,* 82 Mich App 678; 267 NW2d 483 (1978). As the circuit court recognized, plaintiff's appeal was proper under section 631 of the Revised Judicature Act, MCL 600.631; MSA 27A.631. Under the RJA, review is not *de novo.*

Defendant DNR spends a grest deal of time in its brief arguing that the circuit court's application of the RJA was correct, and it is clear from defendant's arguments that it mistakenly believes that review under the APA is *de novo.* Defendant is, however, incorrect. Review under the APA is not *de novo,* and the scope and standard of review under either the RJA or APA is similar. See generally, 3 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), pp 614-616, and cases cited therein. We believe that defendant was misled by plaintiff's ambiguous complaint. The circuit court, however, correctly recognized that plaintiff was seeking *de novo* review pursuant to the Michigan Environmental Protection Act, rather than the APA. Under the Michigan Environmental Protection Act (MEPA), MCL 691.1201 *et seq.;* MSA 14.528(201) *et seq.,* review by the circuit court is *de novo. West Michigan Environmental Action Council v Natural Resources Comm,* 405 Mich 741; 275 NW2d 538 (1979), *cert den* 444 US 941 (1979).

We turn now to plaintiff's issue, namely, whether the circuit court erred in failing to treat plaintiff's appeal under the MEPA, rather than the RJA. The circuit court found that the MEPA cases cited

"do not pertain since they involved challenges to administrative action grounded on the allegation that

the proposed administrative action would result in a violation of the MEPA. In short, those actions were brought pursuant to the Michigan Environmental Protection Act. Plaintiff here makes no claim that the DNR's denial of the construction application will damage the environment, that is, violates the MEPA, and *de novo* review is, therefore, unavailable.

"The scope of review under RJA 631 is limited. Where no hearing is required, the issue is 'whether such final decision, findings, rulings and orders are authorized by law; * * *.' Constitution 1963, Art. 6, § 28; *Viculin v Department of Civil Service,* [386 Mich 375; 192 NW2d 499 (1971)] *supra,* at 392. The decision of the Director to deny Plaintiff's application must be affirmed unless it is in violation of a statute, in excess of the statutory authority or jurisdiction of the agency, made upon unlawful procedure resulting in material prejudice to a party, is arbitrary or capricious."

It is clear that the circuit court was correct. It is equally clear that the court utilized the proper standard of review under the RJA. We therefore find no error.

Plaintiff next argues that the circuit court erred in granting summary judgment to defendants under GCR 1963, 117.2(3). We again disagree.

Plaintiff first claims the DNR relied upon some unpromulgated policy with respect to odor from the landfill sites. The DNR counters that the denial was based upon rules which were properly promulgated pursuant to MCL 299.430; MSA 13.29(30); MCL 299.431; MSA 13.29(31) and the Administrative Procedures Act, MCL 24.201 *et seq.;* MSA 3.560(101) *et seq.*

The DNR's denial of the permit was based on 1982 AC, R 299.4305(12)(a) and (d) of the rules which were promulgated pursuant to 1978 PA 641. Nothing in the pleadings or the court file indicates that the department's denial was based on any other rule or unwritten policy. The record, which

included the depositions of eight DNR employees, shows that the DNR odor policy was straightforward. The decision did not turn on reliance on some hidden, unwritten policy.

Plaintiff claims that two items in the record show the existence of a DNR "policy" which forbids location of landfills within 1,200 feet of a domicile. Plaintiff states that the Air Quality Division Staff Activity Report of October 22, 1982, evidences this unwritten policy. Plaintiff believes that the Air Quality Division adopted a new minimum horizontal isolation distance requirement of 1,000 feet, because the DNR staff detected unpleasant odors approximately 1,000 feet from the working phase of landfills.

The full Staff Activity Report demonstrates that no unpromulgated policy concerning horizontal isolation distances was ever relied upon. The report shows that the Air Quality Division's recommendation to deny issuance of the permit was based upon the specific characteristics of the Twin Oaks landfill proposal. The unique characteristics of the land adjacent to the landfill site, along with the concern for potential odor problems, militated in favor of denial of the permit under 1982 AC, R 299.4305(12). We find no evidence that the agency relied upon any unpromulgated rule.

Plaintiff claimed in Count II of its complaint that it was entitled to issuance of a landfill permit as a matter of law pursuant to MCL 299.412(1); MSA 13.29(12)(1), because the director of the DNR failed to make a final decision within 120 days after receipt of plaintiff's application. MCL 299.412(1); MSA 13.29(12)(1) provides:

"Sec. 12. (1) The director shall make a final decision on a construction permit application within 120 days after the director receives the application. If the direc-

tor fails to make a final decision within 120 days, the permit shall be considered issued. This subsection shall not apply if the director is required to meet the provisions of Executive Order 1974-4."

The circuit court correctly determined as a matter of law that on May 11, 1982, when Governor Milliken requested the director to initiate review by the MERB well before expiration of the 120-day period, the director was then required to meet the provisions of Executive Order 1974-4.

Plaintiff alleges that the director may be required to comply with the executive order only where the governor orders the Natural Resources Commission to comply and the Natural Resources Commission then orders the director of the DNR to comply. This claim is meritless. Executive Order 1974-4 was invoked as of May 11, 1982, when Governor Milliken directed the letter to the DNR. A request from the governor to the DNR constitutes a requirement pursuant to MCL 299.412(1). Const 1963, art 5, § 8 provides that each department shall be under the supervision of the governor, unless otherwise provided by the constitution. The director of the DNR is the principal executive officer of the department. See MCL 16.355; MSA 3.29(255). The governor could easily require the director of the DNR to comply with the executive order in the instant case. It is irrelevant that Governor Milliken used the word "request" instead of "order" in his May 11, 1982, letter to Dr. Tanner. As a result of the May 11, 1982, "request", the director was required to meet the requirements of Executive Order 1974-4. The MERB review process was invoked well before expiration of the 120-day period when it began in May, 1982. Thus, the 120-day limit ceased to operate on May 11, 1982, and the permit did not automatically issue.

The statute does not contain a requirement that the 120-day period continue until the party applying for the permit receives notice. At the latest, by July 7, 1982, the DNR director had formally determined that he was required to meet the provisions of Executive Order 1974-4. As of that date, the 120-day review period had not yet expired.

Plaintiff claimed in Count III that, even if the rules were duly promulgated, the term "odor" is impermissibly vague since the rules contained no objective standards to delineate when an odor is offensive. 1982 AC, R 299.4305(12)(a) provides that an isolation distance for a specific landfill shall take into consideration immediate and long-term environmental factors, including odor.

Michigan holds that agency standards are not impermissibly vague where they are as reasonably precise as the subject matter permits. See *Dep't of Natural Resources v Seaman,* 396 Mich 299, 309; 240 NW2d 206 (1976); *Mallchok v Liquor Control Comm,* 72 Mich App 341, 346; 249 NW2d 415 (1976); *Delta County v Dep't of Natural Resources,* 118 Mich App 458, 464-465; 325 NW2d 455 (1982), *lv den* 414 Mich 954 (1982); *State Highway Comm v Vanderkloot,* 392 Mich 159; 220 NW2d 416 (1974). This Court must determine whether the limits on the exercise of discretion conferred on an administrative official are sufficiently defined to avoid the delegation of legislative powers. *Dep't of Natural Resources v Seaman, supra,* p 308. In *Seaman, supra,* the Supreme Court noted that the standards must be sufficiently broad to permit efficient administration in carrying out the policy of the Legislature, but not so broad that the people are unprotected from uncontrolled or arbitrary power in the hands of administrative officials. *Seaman, supra,* pp 308, 309.

We agree with the trial court that the guideline

"odor" is more precise than the standard "necessity", as applied in highway condemnation actions, which withstood constitutional scrutiny in *Vanderkloot, supra,* p 166. Additionally, in *Delta County v Dep't of Natural Resources, supra,* the phrases "sanitary standards" and "unlawful pollution" were held to be as reasonably precise as the subject regulated permitted. In the Solid Waste Management contest, the term "odor" is sufficiently broad to permit efficient administration, yet not so excessively broad that arbitrary application must result.

Plaintiff next claims that the general provision of 1982 AC, R 299.4305(12)(a) concerning odor should yield to 1982 AC, R 299.4305(12)(b), which specifically establishes the distances which sanitary landfills may be located from various types of properties. Subsection (12)(b) provides that landfills may be located at any distance greater than 300 feet from a residence. The plain language of subsection (12)(a) requires that certain environmental factors, including odor, should be considered in establishing horizontal isolation distances for all landfill sites. Indeed, the plain language of subsection (12)(b) indicates the 300-foot isolation distance is a minimum, not a presumptive maximum. Plaintiff's contention that, regardless of the amount of odor emanating from a landfill, an applicant is entitled to operate a landfill at any distance beyond 300 feet, would render subsection (12)(a) meaningless. Indeed, where the language of an agency rule is unambiguous on its face, the court should give effect to the plainly expressed intention of the agency. See *General Motors Corp v Bureau of Safety & Regulation,* 133 Mich App 284, 292; 349 NW2d 157 (1984); *Johnston v Billot,* 109 Mich App 578, 589; 311 NW2d 808 (1981), *lv den* 414 Mich 955 (1982). The plain language of

subsection (12)(b) indicates that the 300-foot isolation distance is a minimum and not a presumptive maximum.

Finally, in Count IV, plaintiff claims that the director of the DNR employed unlawful procedures by relying in part on the MEPA and on the Air Pollution Control Act, MCL 336.11; MSA 14.58(1), in reaching his decision to deny the permit. Plaintiff claimed the two laws were substantive statutes which were totally inapplicable to the process of issuing permits under 1978 PA 641.

The merits of the DNR's determinations about construction and operation of the proposed landfill, in that it would violate MEPA and the Air Pollution Act, do not present a genuine issue of Material fact. Plaintiff did not raise the merits of those determinations in the lower court, either in its complaint or its motion for summary judgment. Thus, no genuine issue of material fact may exist in that regard.

Having found no error, the circuit court's opinions and judgment are affirmed.

Affirmed.