176 Mich. App. 434 (1989)
440 N.W.2d 649
SOUTHEASTERN OAKLAND COUNTY INCINERATOR AUTHORITY
v.
DEPARTMENT OF NATURAL RESOURCES
Docket No. 101402.
Michigan Court of Appeals.
Decided April 17, 1989.
Ginn, Kramer, Jacobson & Burnstein, P.C. (by Marvin Kramer and Marty A. Burnstein), for Southeastern Oakland County Incinerator Authority.
Frank J. Kelley, Attorney General, Louis J. Caruso, Solicitor General, and Stewart H. Freeman and Mark S. Meadows, Assistant Attorneys General, for the Department of Natural Resources.
Beier, Howlett, Ternan, Jones, Shea & Hafeli, P.C. (by Lawrence R. Ternan), for intervenor City of Rochester Hills.
*436 Honigman, Miller, Schwartz & Cohn (by Gary A. Trepod), for intervenor Rochester Associates.
Before: MICHAEL J. KELLY, P.J., and GRIBBS and V.L. WASHINGTON,[*] JJ.
MICHAEL J. KELLY, P.J.
Petitioner, Southeastern Oakland County Incinerator Authority, appeals from a circuit court decision affirming the decision of the Department of Natural Resources to deny petitioner a permit to construct a solid waste disposal landfill in the City of Rochester Hills.
Petitioner is a public corporation which constructs and operates landfills. Petitioner owns a 240-acre tract of land in Rochester Hills, formerly Avon Township. Petitioner has operated a landfill on part of this land, known as the "south site," since 1958. The landfill site at issue in this case is the "north site," which comprises twenty-six acres of land north of Avon Road. In 1974, despite protests by petitioner, a mobile home park was built on land immediately adjacent to the north site. This park was built after both the north and south sites had been designated as landfills. The north site is included as a landfill site in the Oakland County Solid Waste Management Plan but has never been used for a landfill. The county waste management plan was approved by the DNR in July of 1983.
In May of 1985, petitioner applied to the DNR for a permit to construct a landfill on the north site. This was petitioner's third application for a permit on that site. The first application was denied because petitioner had not submitted required hydrogeological and geological support. The second permit was denied because petitioner's proposal contained no provision for controlling odors from the *437 landfill site. In its third application, petitioner did include a program for controlling unwanted odors. However, the DNR found that these odor controls would be inadequate and denied petitioner's third application. The director of the DNR gave the following reasons for this denial:
Based on the professional judgment of Department staff, the proposed revisions are not adequate to address the concerns raised in the previous denial and would permit the emission of foul odors causing unreasonable interference with the comfortable enjoyment of life and property in violation of R336.1901 Public Act 348 of 1965, as amended. The Department has determined that the construction permit application does not meet the minimum requirements of Rule 299.4305(12)(a) which states: "Horizontal isolation distances shall comply with the following provisions, as applicable, (a) The isolation distances established for a specific landfill shall take into consideration immediate and long term environmental factors, including the following: ... (IV) odor, ...." In addition, Rule 299.4305(12)(b), states in part: "... Greater isolation distances be required in any of the following situations ... (IV) Federal or State regulations apply. In this instance, the applicable State regulation is R336.1901 of the Michigan Air Pollution Act (P.A. 348 of 1965, as amended).
Petitioner appealed this third denial to the Ingham Circuit Court. Petitioner brought its appeal under § 631 of the Revised Judicature Act, MCL 600.631; MSA 27A.631. Petitioner argued that the DNR was estopped from denying it a permit, that the denial was an impermissible enjoinment of a possible nuisance, and that the DNR improperly relied on an unpromulgated policy regarding odors and other inapplicable state regulations to deny petitioner a permit. The circuit court affirmed the *438 DNR'S permit denial. Petitioner appeals from the circuit court's decision by leave granted.
Petitioner originally appealed from the DNR'S denial under § 631 of the Revised Judicature Act. Review of administrative agency decisions under § 631 is limited to the review provided by Const 1963, art 6, § 28. Viculin v Dep't of Civil Service, 386 Mich 375, 392, 394-398; 192 NW2d 449 (1971); 13-Southfield Associates v Dep't of Public Health, 82 Mich App 678, 686; 267 NW2d 483 (1978), lv den 404 Mich 804 (1978). Const 1963, art 6, § 28 provides in pertinent part:
All final decisions, findings, rulings and orders of any administrative officer or agency existing under the constitution or by law, which are judicial or quasi-judicial and affect private rights or licenses, shall be subject to direct review by the courts as provided by law. This review shall include, as a minimum, the determination whether such final decisions, findings, rulings and orders are authorized by law; and, in cases in which a hearing is required, whether the same are supported by competent, material and substantial evidence on the whole record.

Since no evidentiary hearing was required, our review in this case is limited to determining whether the DNR'S actions in denying the permit application were authorized by law. Viculin, supra; 13-Southfield Associates, supra; Michigan Waste Systems v Dep't of Natural Resources, 147 Mich App 729, 736; 383 NW2d 112 (1985), lv den 424 Mich 900 (1986).
Petitioner argues that the trial court erroneously affirmed the DNR'S denial of its permit, raising four issues on appeal.
I
The first issue we address on appeal is whether *439 the DNR improperly relied upon an unpromulgated rule or policy in refusing to issue petitioner a permit. Petitioner argues that the DNR denied it a permit based upon an unpromulgated policy which requires landfills to be at least 1,500 feet from a residence, instead of the 300 feet required by the existing Rule 305. We disagree.
We note that a previous panel of this Court rejected a similar argument that the DNR improperly relied on some unpromulgated odor policy to require greater setbacks for landfills in Michigan Waste Systems, supra, pp 736-737. In that case the Court held that the DNR properly denied a permit based upon rules promulgated under the Solid Waste Management Act, MCL 299.401 et seq.; MSA 13.29(1) et seq., and the Administrative Procedures Act, MCL 24.201 et seq.; MSA 3.560(101) et seq. Id. We follow similar reasoning here.
Here, the DNR denied petitioner a permit due to the likelihood that odors from the proposed landfill would cause unreasonable interference with the use and enjoyment of property by adjacent landowners. This denial was based upon Rules 305(12)(a)(iv) and (b)(iv), 1982 AACS, R 299.4305(12)(a)(iv) and (b)(iv), which were promulgated pursuant to the Solid Waste Management Act and the Administrative Procedures Act. Rule 305(12) provides in relevant part:
Horizontal isolation distances shall comply with the following provisions, as applicable:
(a) The isolation distances established for a specific landfill shall take into consideration immediate and long-term environmental factors, including all of the following:
(i) Noise.
(ii) Blowing papers.
(iii) Dust.
(iv) Odor.

*440 * * *
(b) The active area for a new sanitary landfill or expansions to existing sanitary landfills shall not be located ... closer than 300 feet to domiciles existing at the time of issuance of a construction permit.... Greater isolation distances may be required in any of the following situations:
* * *
(iv) Federal or state regulations apply. [Emphasis added.]
The plain language of subsection (12)(a) requires the DNR to consider possible odor problems in setting isolation distances for landfills. Michigan Waste Systems, supra, p 740. The plain language of subsection (12)(b) sets three hundred feet as a minimum setoff distance, not as a presumptive standard. Id. Rule 305(12)(b)(iv) also permits the DNR to set greater isolation distances where required by federal or state regulations. Following this rule, the DNR applied regulations promulgated under the Michigan Air Pollution Act, MCL 336.11 et seq.; MSA 14.58(1) et seq., namely 1980 AACS, R 336.1901 (Rule 901), which provides in pertinent part:
Notwithstanding the provisions of any other commission rule, a person may not cause or permit the emission of an air contaminant or waste vapor in quantities that cause, alone or in reaction to other contaminants....
* * *
(b) Unreasonable interference with the comfortable enjoyment of life and property.
It was not improper for the DNR to require greater isolation distances for petitioner's proposed north site landfill due to potential odor problems. Numerous odor problems with petitioner's existing *441 south site landfill and the lack of adequate proposed odor controls led the DNR to conclude that odors from the proposed landfill would cause problems to surrounding owners at distances exceeding one thousand feet. The DNR properly required greater isolation distances pursuant to existing, properly promulgated rules.
II
The second issue we address is whether the DNR properly invoked Rule 901, promulgated under the Air Pollution Act, as a basis for denying petitioner's application. Petitioner argues that under the rules of statutory construction the only federal or state regulations that the DNR may consider in setting a setback distance under Rule 305(12)(b)(iv) must specifically relate to setback distances, rather than the broad concerns regarding air quality enunciated under Rule 901. We disagree.
Petitioner argues that, by applying Rule 901 of the Air Pollution Act as a state regulation under Rule 305(12)(b)(iv), the DNR violated the doctrine of ejusdem generis. The doctrine of ejusdem generis provides that, where a rule or law contains general words following the specific enumeration of particular persons or things, those general words are to be construed as applicable only to the same kind of persons or things as those previously specifically enumerated. People v Gould, 237 Mich 156, 159; 211 NW 346 (1926). However, the Gould Court also noted:
This rule can be used only as an aid in ascertaining the legislative intent, and not for the purpose of controlling the intention or of confining the operation of a statute within narrower limits than was intended by the law-maker. [237 Mich 160.]
*442 Additionally,
Where the language used, considered in its entirety, discloses no purpose of limiting the general words used, the rule of ejusdem generis may not be invoked to defeat or limit the purpose of the enactment. [In re Mosby, 360 Mich 186, 192; 103 NW2d 462 (1960).]
Applying petitioner's advocated interpretation of Rule 305(12) and ejusdem generis would result in an impermissibly narrow interpretation of subsection 12 and effectively negate subsection 12(a)(iv). Rule 305(12)(a)(iv) plainly allows for greater isolation distances due to odors. A concern for other environmental factors, including air pollution, is contained in the actual language of Rule 305(12)(a). The language of subsections (12)(a) and (b)(iv) clearly allows for other environmental concerns and regulations to be considered in setting isolation distances and does not specify that regulations mentioned under 305(12)(b)(iv) be directly related to setback distances. The DNR properly applied Rule 901 to require greater isolation distances pursuant to Rule 305(12)(b)(iv).
III
Petitioner also claims that the DNR is estopped from denying its application solely on the basis of the location of the proposed north site landfill. Petitioner argues that the site was previously approved by the DNR as part of the county's solid waste management plan, so the DNR cannot now reject petitioner's application due to the location alone. We disagree.
Equitable estoppel arises where a party, by representations, admissions, or silence, intentionally or negligently induces another party to believe *443 facts, the other party justifiably relies and acts on this belief, and will be prejudiced if the first party is permitted to deny the existence of those facts. Clarkson v Judges' Retirement System, 173 Mich App 1, 14; 433 NW2d 368 (1988).
Petitioner contends that, since the DNR approved the location of the landfill in the county plan, and because petitioner relied to its detriment on the DNR'S actions by spending money to develop the site, estoppel must be applied to bar the DNR from denying petitioner's application for a construction permit.
We find that the doctrine of equitable estoppel does not apply to the facts here. The Solid Waste Management Act contains at least three prerequisites before a landfill may be operated: (1) the site must be included in the county's solid waste management plan, MCL 299.425; MSA 13.29(25); (2) the site must be constructed pursuant to a valid permit issued by the DNR, MCL 299.410; MSA 13.29(10); and (3) the site must be licensed to operate as a solid waste landfill, MCL 299.413; MSA 13.29(13). The DNR denied petitioner's application for a construction permit because odors anticipated from the proposed landfill would be likely to interfere with nearby property owners' use and enjoyment of their land, since under petitioner's design the isolation distance between the landfill and adjacent property owners was not sufficient. The DNR rejected petitioner's proposed method for controlling odors as inadequate. Although the proposed site was included in the county plan, petitioner still had the obligation to comply with the requirements of the Solid Waste Management Act, including the DNR'S rules regarding air pollution and odors. Petitioner was aware of this. Petitioner has been involved in the highly regulated business of constructing and operating *444 landfills since 1958, and was well aware of the applicable procedures and the provisions of the Solid Waste Management Act and its implementing rules. There was no misrepresentation of fact upon which petitioner relied to its detriment. The trial court properly held that the DNR was not estopped from denying petitioner's permit application.
IV
Finally, petitioner argues that the DNR'S denial of its permit application was the equivalent of impermissibly enjoining a nonexistent potential nuisance. We find this contention meritless. The DNR'S denial of petitioner's permit application was not tantamount to an injunction but was merely an exercise of the regulatory discretion granted to the DNR under the Solid Waste Management Act. Section 10 of the act requires petitioner to obtain a permit from the DNR in order to construct a landfill. MCL 299.410; MSA 13.29(10). Petitioner has no absolute right to construct a landfill without the approval and permission of the DNR. The DNR'S proper denial of petitioner's permit application was not analogous to prematurely enjoining a nonexistent nuisance. The trial court did not err by rejecting petitioner's argument that the DNR'S denial impermissibly targeted nonexistent odors.
Affirmed.
NOTES
[*] Circuit judge, sitting on the Court of Appeals by assignment.