*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

MADISON DANIELLE PERRY,

        Defendant-Appellant.

FOR PUBLICATION
August 12, 2021
9:05 a.m.

No. 355330
Kalamazoo Circuit Court
LC No. 2020-000345-AR

Before: BOONSTRA, P.J., and MARKEY and SERVITTO, JJ.

PER CURIAM.

Defendant appeals, by leave granted,[1] the trial court's affirmance of the district court's denial of defendant's motion for dismissal. We affirm.

In December 2019, defendant, who was 18 years old at the time, was driving her car when she was involved in an accident. The responding police officers detected the odor of burnt marijuana emanating from defendant's vehicle. Defendant admitted to the officers that she had smoked marijuana. The officers suspected that defendant had been operating her car under the influence of drugs. Defendant participated in standard field sobriety tests and submitted to a preliminary breath test, which produced a test result of .000 blood alcohol content. The officers requested that defendant submit to a blood test, and she agreed. Defendant was taken to Bronson Hospital, where she had her blood drawn. Her blood sample produced a test result positive for active tetrahydrocannabinol (THC), reflecting 4 nanograms of THC per milliliter of blood. The test results were negative for alcohol and all other controlled substances.

Defendant was charged under MCL 257.625(8) with operating a motor vehicle with a schedule 1 controlled substance—marijuana—in her system. Defendant moved to dismiss the

---

[1] *People v Perry*, unpublished order of the Court of Appeals, entered December 16, 2020 (Docket No. 355330).

charge in the district court, arguing that the voter-initiated Michigan Regulation and Taxation of Marihuana Act (MRTMA), MCL 333.27951 *et seq*.,[2] barred any criminal prosecution against her for a violation of MCL 257.625(8), although she would be responsible for a civil infraction if she drove her car with marijuana in her system. The district court denied the motion to dismiss, disagreeing with defendant's construction of the MRTMA and its interrelationship with MCL 257.625(8). Defendant appealed to the circuit court, which also concluded that the MRTMA did not prohibit charging defendant with a criminal offense under MCL 257.625(8). This Court then granted defendant's application for leave to appeal.

"We review questions of statutory interpretation de novo." *People v Hartwick*, 498 Mich 192, 209; 870 NW2d 37 (2015). The *Hartwick* Court addressed the Michigan Medical Marihuana Act (MMMA), MCL 333.26421 *et seq*., which, like the MRTMA, was passed into law by initiative. *Id.* at 198. The Supreme Court explained the applicable rules of construction for voter-initiated statutes:

> The MMMA was passed into law by initiative. We must therefore determine the intent of the electorate in approving the MMMA, rather than the intent of the Legislature. Our interpretation is ultimately drawn from the plain language of the statute, which provides the most reliable evidence of the electors' intent. But as with other initiatives, we place special emphasis on the duty of judicial restraint. Particularly, we make no judgment as to the wisdom of the medical use of marijuana in Michigan. This state's electors have made that determination for us. To that end, we do not attempt to limit or extend the statute's words. We merely bring them meaning derived from the plain language of the statute. [*Id.* at 209-210 (quotation marks and citations omitted).]

The statute under which defendant was charged, MCL 257.625(8), provides:

> A person, whether licensed or not, shall not operate a vehicle on a highway or other place open to the general public or generally accessible to motor vehicles, including an area designated for the parking of vehicles, within this state if the person has in his or her body any amount of a controlled substance listed in schedule 1 under section 7212 of the public health code, 1978 PA 368, MCL 333.7212, or a rule promulgated under that section, or of a controlled substance described in section 7214(a)(iv) of the public health code, 1978 PA 368, MCL 333.7214.

Marijuana is a schedule 1 controlled substance. MCL 333.7212(1)(c).

Defendant asserts here, as she did in the trial court, that MCL 257.625(8) conflicts with and is preempted by the MRTMA. Thus, we are tasked in this case with ascertaining the intent of the voters in approving the 2018 initiative known as Proposal 18-1, later codified by the Michigan legislature as the MRTMA, MCL 333.27951 *et seq*. More specifically, as applied to this case, we are tasked with determining whether the voters intended to decriminalize the use of any amount of

---

[2] Although the act uses the spelling "marihuana," we use the more common spelling "marijuana" throughout this opinion.

marijuana by persons under the age of 21 even if operating a motor vehicle. We hold that they did not.

In advance of the 2018 election, an organization known as the Coalition to Regulate Marijuana like Alcohol gathered petition signatures for what ultimately became Proposal 18-1. The face of the petitions reflected that the undersigned electors were petitioning for the initiation of legislation described as follows:

> An initiation of legislation to allow under state law the personal possession and use of marihuana *by persons 21 years of age or older*; to provide for the lawful cultivation and sale of marihuana and industrial hemp *by persons 21 years of age or older*; to permit the taxation of revenue derived from commercial marihuana facilities; to permit the promulgation of administrative rules; and to prescribe certain penalties for violations of this act. If not enacted by the Michigan State Legislature in accordance with the Michigan Constitution of 1963, the proposed legislation is to be voted on at the General Election, November 6, 2018. For the full text of the proposed legislation, see the reverse side of this petition. [Petition for Proposal 18-1 (emphasis added).]

The face of the petitions also reflected that they were "Paid for with regulated funds by Coalition to Regulate Marijuana like Alcohol."[3]

What followed on the reverse side of the petitions (and thereafter) was four full legal-sized pages of proposed legislative text that commenced with the repetition of the above-quoted paragraph (except for the last sentence), followed by detailed proposed legislation (in 17 sections and numerous subsections). Of course, none of this language was incorporated into the official ballot wording that was approved by the Board of State Canvassers with respect to Proposal 2018-1. Instead, what the voters saw when they went to vote in the November 2018 general election,

---

[3] We note parenthetically that Michigan law does not permit persons under the age of 21 to operate a motor vehicle if they have any bodily alcohol content. See MCL 257.625(6) ("A person who is less than 21 years of age . . . shall not operate a vehicle . . . if the person has any bodily alcohol content."). A person in violation of that subsection may be prosecuted criminally and, upon conviction, is "guilty of a misdemeanor." MCL 257.625(12)(a).

was simply as was reflected on the Board's approved official ballot wording:

*Official Ballot Wording approved by*
*Board of State Canvassers*
*September 6, 2018*
*Coalition to Regulate Marihuana Like Alcohol*

**Proposal 18-1**

**A proposed initiated law to authorize and legalize possession, use and cultivation of marijuana products by individuals who are at least 21 years of age and older, and commercial sales of marijuana through state-licensed retailers**

This proposal would:

- Allow individuals 21 and older to purchase, possess and use marijuana and marijuana-infused edibles, and grow up to 12 marijuana plants for personal consumption.

- Impose a 10-ounce limit for marijuana kept at residences and require amounts over 2.5 ounces be secured in locked containers.

- Create a state licensing system for marijuana businesses and allow municipalities to ban or restrict them.

- Permit retail sales of marijuana and edibles subject to a 10% tax, dedicated to implementation costs, clinical trials, schools, roads, and municipalities where marijuana businesses are located.

- Change several current violations from crimes to civil infractions.

Should this proposal be adopted?

[ ] YES

[ ] NO

Notably, the ballot language repeatedly apprised voters that Proposal 18-1 only applied to individuals "21 years of age or older" and only allowed "individuals 21 and older to purchase, possess and use marijuana." It said nothing about decriminalizing marijuana use by persons less than 21 years of age, much less about decriminalizing marijuana use by such persons while operating a motor vehicle.

-4-

Following the passage of Proposal 18-1 in the 2018 general election, the Legislature enacted (as it was obliged to do) the full legislative text of Proposal 18-1 as the MRTMA. Consistent with the ballot language, section 2 of the MRTMA described its purpose:

The purpose of this act is to make marihuana legal under state and local law *for adults 21 years of age or older*, to make industrial hemp legal under state and local law, and to control the commercial production and distribution of marihuana under a system that licenses, regulates, and taxes the businesses involved. The intent is to prevent arrest and penalty for personal possession and cultivation of marihuana *by adults 21 years of age or older*; remove the commercial production and distribution of marihuana from the illicit market; prevent revenue generated from commerce in marihuana from going to criminal enterprises or gangs; *prevent the distribution of marihuana to persons under 21 years of age*; prevent the diversion of marihuana to illicit markets; ensure the safety of marihuana and marihuana-infused products; and ensure security of marihuana establishments. *To the fullest extent possible, this act shall be interpreted in accordance with the purpose and intent set forth in this section*. [MCL 333.27952 (emphasis added)].

The balance of the act provided all of the detail that was contained in the four pages appended to the face of the petitions that placed Proposal 18-1 on the ballot.

Significantly, the MRTMA, at MCL 333.27954(1)(c), provides that the MRTMA "does not authorize . . . any person under the age of 21 to possess, consume, purchase or otherwise obtain, cultivate, process, transport, or sell marihuana[.]" Defendant nevertheless asserts that the MRTMA, at MCL 333.27965(3)(a)(2), decriminalizes marijuana use and sets forth a civil infraction fine schedule for possession of marijuana by those under 21 years of age. MCL 333.27965(3)(a)(2) states:

A person who commits any of the following acts, and is not otherwise authorized by this act to conduct such activities, may be punished only as provided in this section and is not subject to any other form of punishment or disqualification, unless the person consents to another disposition authorized by law:

\*\*\*

3. Except for a person who engaged in conduct described by section 4(1)(a), 4(1)(d), or 4(1)(g), a person under 21 years of age who possesses not more than 2.5 ounces of marihuana or who cultivates not more than 12 marihuana plants:

(a) for a first violation, is responsible for a civil infraction and may be punished as follows:

\*\*\*

(2) if the person is at least 18 years of age, by a fine of not more than $100 and forfeiture of the marihuana.

As the circuit court aptly observed, MCL 257.625(8) criminalized the "use" of marijuana, while MCL333.27965(3) decriminalized the "possession" and "cultivation" of marijuana for individuals under the age of 21. Michigan law recognizes a distinction between possessing marijuana, MCL 333.7403,[4] and using marijuana, MCL 333.7404.[5] Defendant here was not charged with the possession or cultivation of marijuana. Rather, she was charged with operating a vehicle with "any amount of a controlled substance" in her body. MCL 257.625(8). Using or consuming marijuana is a necessary step leading to the operation of a motor vehicle with marijuana in the driver's system, in violation of MCL 257.625(8); simple possession, however, is not.

We cannot ignore the quantities mentioned in the provision relied upon by defendant. MCL 333.27965(3)(a)(2), provides a civil infraction for a person under 21 years of age who possesses not more than 2.5 ounces of marijuana or cultivates not more than 12 marijuana plants. Basic research[6] reveals that one ounce of marijuana yields approximately 84 "joints" (i.e., hand rolled marijuana cigarettes). Thus, 2.5 ounces would yield approximately 210 joints. That is significant amount of marijuana—much more than a single person could realistically "use" or "internally possess" at any given point in time. Had the legislature intended to decriminalize the *internal* possession or use of marijuana for those under 21 it would presumably have placed a limit consistent with the amount a person could reasonably use or consume—much, much lower than the stated limit of 2.5 ounces.

In addition, MCL 333.27965(3) carves out exceptions to the statutory rule that a person under 21 years of age who possesses not more than 2.5 ounces of marihuana or who cultivates not more than 12 marihuana plants is responsible only for a civil infraction. The statutory provision begins, "Except for a person who engaged in conduct described by section 4(1)(a), 4(1)(d), or 4(1)(g) . . . ." Thus, according to the plain language of the statute, the civil infraction penalty applies in situations *except for* those set forth in MCL 333.27954(1)(a), (d), or (g). Relevant to the instant matter, MCL 333.27954(1)(a) and (g) state:

This act does not authorize:

(a) operating, navigating, or being in physical control of any motor vehicle, aircraft, snowmobile, off-road recreational vehicle, or motorboat while under the influence of marihuana;

*** 

(g) consuming marihuana while operating, navigating, or being in physical control of any motor vehicle, aircraft, snowmobile, off-road recreational vehicle, or

---

[4] MCL 333.7403(1) provides that "[a] person shall not knowingly or intentionally possess a controlled substance[.]"

[5] MCL 333.7404(1) provides that "[a] person shall not use a controlled substance[.]"

[6] http://www.therecoverycenter.org/resources/weed-through-the-myths-get-the-facts, accessed June 23, 2021.

motorboat, or smoking marihuana within the passenger area of a vehicle upon a public way.

Incorporating the above into MCL 333.27965(3) would have that statute read:

> *Except* for a person who engaged in operating, navigating, or being in physical control of any motor vehicle, aircraft, snowmobile, off-road recreational vehicle, or motorboat while under the influence of marihuana [MCL 333.27954(1)(a)] or consuming marihuana while operating, navigating, or being in physical control of any motor vehicle, aircraft, snowmobile, off-road recreational vehicle, or motorboat, or smoking marihuana within the passenger area of a vehicle upon a public way [MCL 333.27954(1)(g)], a person under 21 years of age who possesses not more than 2.5 ounces of marihuana or who cultivates not more than 12 marihuana plants:
>
> (a) for a first violation, is responsible for a civil infraction and may be punished as follows . . . . [emphasis added]

Clearly, then, when a person is under the influence of marijuana or is consuming marijuana while operating a vehicle, the person is not afforded the same limitation on punishment as one who is under 21 and simply possesses less than 2.5 ounces of marijuana or cultivates 12 or fewer marijuana plants.

In the affidavit for probable cause, an officer swore that upon responding to an accident involving defendant on December 2, 2019, there was an odor of burnt marijuana emanating from defendant's vehicle. The officer further swore that upon speaking to defendant, an odor of marijuana was emanating from her person, and that that defendant admitted that she had smoked marijuana. A blood draw performed on defendant the same day revealed the presence of marijuana in defendant's system. The officer's affidavit, coupled with defendant's alleged admission that she had smoked marijuana, provided probable cause to believe that defendant was "consuming marihuana while operating, navigating, or being in physical control of any motor vehicle . . . upon a public way." MCL 333.27954(1)(g). This is consistent with the opening proviso of MCL 333.27954 that "this act does not authorize: . . . (c) any person under the age of 21 to possess, consume, purchase or otherwise obtain, cultivate, process, transport, or sell marihuana."[7] Because defendant's behavior fits within one of the exceptions listed in MCL 333.27965(3), she is not entitled to the lower civil infraction penalty.

---

[7] We note that while MCL 333.27954(1) identifies certain conduct that the MRTMA expressly "does not authorize," it does not follow that the MRTMA *authorizes* any and all conduct that is *not* expressly identified as "not authorize[d]." See *Southeastern Oakland Co Incinerator Authority v Dep't of Natural Resources*, 176 Mich App 434, 442; 440 NW2d 649 (1989), citing *In re Mosby*, 360 Mich 186, 192; 103 NW2d 462 (1960) (noting that the doctrine of *ejusdem generis* may not be applied when the language of the statute, in its entirety, "discloses no purpose of limiting the general words used").

We recognize that in *People v Koon*, 494 Mich 1, 3; 832 NW2d 724 (2013), our Supreme Court held:

> The Michigan Medical Marihuana Act (MMMA) prohibits the prosecution of registered patients who internally possess marijuana, but the act does not protect registered patients who operate a vehicle while "under the influence" of marijuana. The Michigan Vehicle Code prohibits a person from driving with any amount of a schedule 1 controlled substance, a list that includes marijuana, in his or her system. This case requires us to decide whether the MMMA's protection supersedes the Michigan Vehicle Code's prohibition and allows a registered patient to drive when he or she has indications of marijuana in his or her system but is not otherwise under the influence of marijuana. We conclude that it does.

However, MCL 333.27954(1)(g) does not contain "under the influence" language. It prohibits what defendant admits she did here: "consuming marihuana while operating, navigating, or being in physical control of any motor vehicle, aircraft, snowmobile, off-road recreational vehicle, or motorboat, or smoking marihuana within the passenger area of a vehicle upon a public way."

Finally, defendant's argument is simply illogical. Defendant would have this Court read the MRTMA as allowing criminal liability for a person who could not legally consume any amount of marijuana (given that such consumption is expressly not authorized under MCL 333.27954(1)(g)), yet preclude criminal liability if that person did do so *while driving*. That is contrary to the entire purpose of the act, especially when the MRTMA is read in conjunction with motor vehicle laws.[8]

The motor vehicle laws were enacted, among other things, to provide for the safety and protection of drivers and passengers. In *People v Dupre*, ___ Mich App __; __NW2d ___ (Docket No. 350386, December 17, 2020), this Court addressed an issue similar to the one at hand. In that case, defendant entered a no-contest plea to operating while visibly impaired (OWVI) in violation of MCL 257.625(3). *Id*. at __, slip op at 1. He held a medical marihuana card and, on appeal, argued that the MMMA superseded the OWVI statute, and thus a defendant with a medical marihuana permit is protected from OWVI prosecution by the MMMA if a defendant is "under the influence" of marihuana under the MMMA. *Id*. This Court disagreed. *Id*. at __, slip op at 6.

We recognized that the Legislature created the offense of OWVI, "to address those situations in which a defendant's level of intoxication and resulting impairment does not suffice to establish operating while intoxicated (OWI), yet the defendant still presents a danger to the public because his or her ability to operate the vehicle is visibly impaired." *Id*. at __, slip op at 3. We also noted "our Supreme Court has appeared, in light of marijuana legalization, to treat marijuana as if the electors intended that marijuana be treated similar to alcohol," *id*. at __, slip op at 5, and that "defendant's reading of the MMMA would require this Court to conclude that the electors' intent was to give registered patients internally possessing marijuana greater protections

---

[8] It similarly would strain credulity to conclude that the mere inclusion of the "under the influence" language in the exception set forth in MCL 333.27954(1)(a) requires that we hold that it implicitly repealed MCL 257.625(8) insofar as it relates to persons under the age of twenty-one.

than average citizens internally possessing alcohol. The language of the MMMA is devoid of such language, and defendant presents no evidence that would lead us to conclude this was the electors' intent." *Id.*

This Court stated:

> our reading § 7 of the MMMA leads us to conclude that the limitations on immunity appear to be situations in which public safety or public health intersect with a registered patient's use of medical marijuana. For example, registered patients cannot smoke marijuana in any public place or on public transportation, MCL 333.26427(b)(3), and they cannot "[u]ndertake any task under the influence of marihuana, when doing so would constitute negligence," MCL 333.26427(b)(1). Because a driver operates a vehicle while visibly impaired if they drive with "less ability than would an ordinary, careful and prudent driver," the driver puts public safety at risk by doing so. In short, a driver operating while visibly impaired appears to do so negligently, in violation of MCL 333.26427(b)(1). Therefore, we discern no intent within the MMMA to immunize the visibly impaired driver from prosecution.
>
> This connection mirrors what this Court has held was the Legislature's intent in passing the OWVI statute: to allow the government to protect the public from a driver when his or her "level of intoxication and resulting impairment does not suffice to establish OWI, yet the defendant *still presents a danger to the public* because his or her ability to operate the vehicle is visibly impaired." Moreover, the MMMA itself declares that its purpose is "to be an 'effort for the health and welfare of [Michigan] citizens.' " [MCL 333.26422(c)]. MCL 333.26422(c) appears to be direct evidence that the electors' intent in passing the MMMA was the improvement of health and safety of *citizens*, not just registered patients. Defendant's theory that the MMMA precludes registered patients from being convicted of OWVI would put ordinary citizens and registered patients alike in danger because registered patients would be allowed to drive with "less ability than the ordinary, careful, and prudent driver" without fear of prosecution.
>
> In sum, we conclude that the MMMA does not supersede the OWVI statute. "Under the influence" as used in MCL 333.26427(b)(4) is not limited in meaning to how that phrase is understood with regard to the OWI statute, MCL 257.625(1). [*Id.* at __, slip op at 5-6, internal citations omitted]

We can conceive of no reason for treating a person under 21 who drives with marijuana in his or her system (although not legally permitted to possess or consume it) more lightly than a person who does so while legally permitted to possess and consume it, just as we do not deem it appropriate to treat such a person more lightly than a person under 21 who drives with alcohol in his or her system.

In sum, the MRTMA did not remove all criminal penalties for persons under the age of 21 who operate a motor vehicle with marijuana in their system, is under the influence of marijuana while driving, or consumes marijuana while operating a vehicle. Defendant operated her vehicle

on the road while she had in her body any amount of a controlled substance, in contravention of MCL 257.625(8). The trial court thus properly affirmed the district court's denial of defendant's motion for dismissal.

Affirmed.

/s/ Mark T. Boonstra
/s/ Deborah A. Servitto