BUKHTIA v BUREAU OF STATE LOTTERY

Docket No. 125158. Submitted March 19, 1991, at Detroit. Decided
July 22, 1991, at 9:00 A.M. Leave to appeal sought.

Latif Bukhtia and the other shareholders, officers, and directors
of Coach Party Store, Inc., brought an action in the Wayne
Circuit Court against the Bureau of State Lottery, alleging that
the revocation of their license to sell lottery tickets without a
hearing on the basis of Latif's conduct failed to comply with the
Administrative Procedures Act, MCL 24.201 *et seq.*; MSA
3.560(101) *et seq.*, and violated due process. The court, Thomas
J. Foley, J., granted summary disposition for the defendant.
The plaintiffs appealed.

The Court of Appeals *held:*

1. A lottery license is not a "license" within the scope of the
APA; thus, its revocation does not fall within the "contested
case" provisions of the act.

2. The Lottery Act, MCL 432.1 *et seq.*; MSA 18.969(1) *et seq.*,
and the rules promulgated under it allow a lottery license to be
revoked without a hearing. 1979 AC, R 432.4, which regulates
the revocation of lottery licenses, does not exceed the scope of
the act. The act authorizes the Lottery Commissioner to pro-
mulgate the rule, which is clearly drafted to allow for the
integrity and effective administration of the lottery.

3. A lottery license creates only an agency relationship,
revocable at the will of either party, not an expectation that a
license, once granted, will continue indefinitely. The plaintiffs
do not have a legitimate claim of entitlement to the license
that gives rise to a protectable property interest; therefore,
they were not denied due process when a hearing was not held
before their license was revoked.

Affirmed.

*Peter Abbo (Madelaine P. Lyda,* of Counsel), for
the plaintiffs.

*Frank J. Kelley,* Attorney General, *Gay Secor
Hardy,* Solicitor General, and *Keith D. Roberts,*
Assistant Attorney General, for the defendant.

Before: HOLBROOK, JR., P.J., and CAVANAGH and FITZGERALD, JJ.

HOLBROOK, JR., P.J. Plaintiffs appeal as of right from a December 28, 1989, order of the Wayne Circuit Court granting defendant's summary disposition motion brought pursuant to MCR 2.116(C) (8). We affirm.

This case involves the application of the Administrative Procedures Act, MCL 24.201 *et seq.*; MSA 3.560(101) *et seq.*, to the revocation of a license to sell lottery tickets. The facts are not greatly in dispute. Plaintiffs Latif Bukhtia, Nash Bukhtia, and Riadh Khami are the shareholders, officers, and directors of Coach Party Store, Inc. Plaintiffs assert their business assets include an interest in a daily lottery terminal; defendant maintains that the terminal was at all times the property of defendant.

Plaintiff Latif Bukhtia was accused of cashing a winning lottery ticket at approximately $750 less than its face value. Latif Bukhtia originally pleaded not guilty of the charge; however, as a result of plea negotiations, he was placed in a diversion program within the Recorder's Court.

It is defendant's position that the conduct of Latif Bukhtia constituted conduct prohibited by the lottery rules and regulations. Defendant suspended plaintiffs' license to sell lottery tickets on September 13, 1989, with the intent to revoke the license within thirty days. Pursuant to the agency contract between plaintiffs and defendant, plaintiffs were entitled to, and did in fact have, an informal hearing with counsel present to discuss the suspension.

Following this conference, plaintiffs' license to sell lottery tickets was revoked on the basis of the violation of defendant's rules, procedures, and di-

rectives. Plaintiffs brought the action at bar for circuit court review, arguing that defendant failed to comply with the APA, in that revocation was accomplished without notice and a hearing, contrary to fundamental due process.

Defendant brought a summary disposition motion asserting that the APA was not applicable because neither a "license" nor a "contested case" as defined in the APA was involved. After hearing arguments, the trial court concluded that a lottery license was not, in fact, a license as defined in the APA. Further, since the agency contract was revocable at the will of either party, it did not constitute a contested case as defined in the APA. Summary disposition was granted for defendant.

I

First, plaintiffs argue that the trial court erred when it found that a lottery license was not a license within the scope of the APA and that a license revocation did not fall within the "contested case" provisions. We do not agree.

The APA defines "license" as including "the whole or part of an agency permit, certificate, approval, registration, charter, or similar form of permission required by law, but does not include a license required solely for revenue purposes . . . ." MCL 24.205(1); MSA 3.560(105)(1).

There is little question but that the purpose of the lottery is to generate revenue: "The lottery shall produce the maximum amount of net revenues for the state consonant with the general welfare of the people." MCL 432.9; MSA 18.969(9). Plaintiffs, in fact, concede in their brief that the purpose of the Lottery Act is to produce revenue. The trial court's ruling that a lottery license does

not fit within the APA's definition of a "license" is clearly correct.

With regard to plaintiffs' "contested case" argument, this Court has held that unless an agency rule or statute governing the issuance of licenses requires notice and a hearing, the APA contested case rules are inapplicable. *Delly v Bureau of State Lottery,* 183 Mich App 258, 263; 454 NW2d 141 (1990). Plaintiffs at bar have failed to cite any such rule or statute governing the revocation of a lottery license so as to bring the contested case rules to bear.

The Lottery Act and the rules promulgated thereunder make it clear that a lottery license can be revoked without a hearing. MCL 432.23(9); MSA 18.969(23)(9) provides that the Lottery Commissioner has the power to "suspend or revoke the license of any agent who violates this act or a rule promulgated pursuant to this act." 1979 AC, R 432.4 covers lottery license revocations and states that the lottery license "is evidence of an agency revocable at will by either the bureau or the agent. Revocation of the agency shall be effective 30 days after notice of the revocation has been mailed by the revoking party. On or before the thirtieth day following notice of revocation, the license shall be surrendered to the bureau."

Although *Delly, supra,* involved the transfer or issuance of a lottery license, the same finding is dictated in the case at bar. There is no requirement, either by rule or statute, that a hearing be held before the suspension and revocation of a lottery license. The informal conference to discuss alleged violations of the act that warrant suspension or revocation of the license, as provided for in paragraph 9 of the Michigan State Lottery On-Line Game Agent Contract, does not fulfill the requirement, because it is required neither by

statute nor rule. Thus we conclude that the trial court did not err when it ruled that the contested case rules are inapplicable to the case at bar.

II

Plaintiffs next argue that Rule 432.4 exceeds the scope of the Lottery Act. Plaintiffs claim the rule gives the Lottery Commissioner absolute discretion with regard to license revocations because the commissioner, without any reason or for any reason, can revoke the license at will. Plaintiffs posit that the Legislature never intended that the Lottery Commissioner have the absolute power to grant a license on the one hand, and then to revoke it without any reason on the other. We disagree.

MCL 432.11(1); MSA 18.969(11)(1) authorizes the Lottery Commissioner to promulgate rules for the administration of the Lottery Act. These rules may include the licensing of agents to sell tickets. MCL 432.11(2)(i); MSA 18.969(11)(2)(i). MCL 432.23(9); MSA 18.969(23)(9) provides the commissioner with the authority to suspend or revoke the license of any agent who violates the act or any rules promulgated under the act. The plain, unambiguous language of the statute demonstrates the Legislature's clear intent to allow the Lottery Commissioner absolute power to control who will act as an agent on behalf of the state lottery. When one considers the vast sums of money that change hands between agents and the Bureau of State Lottery on a weekly basis—an average of $23,035,881 during fiscal year 1989-90—it becomes clear why the Legislature gave the commissioner the complete power and authority to determine whom the bureau will deal with or through.

In light of this clearly expressed intent, we hold

that Rule 432.4 does not exceed the scope of the act. It is clearly authorized by statute and is not impermissibly vague because it is as reasonably precise as the subject matter permits. *Michigan Waste Systems v Dep't of Natural Resources,* 147 Mich App 729, 739; 383 NW2d 112 (1985). It not only provides that the license is revocable at the will of either party, it also allows for a suspension or revocation of any agent's license whenever the agent's conduct impairs the agent's reputation for honesty and integrity; whenever an agent's experience, character, and general fitness render the agent's participation as an agent inconsistent with the public interest; and whenever the agent violates any provisions of the act, rules, instructions, or directives of the Bureau of State Lottery. The rule was clearly drafted to allow for the integrity and the effective administration of the lottery.

III

Lastly, plaintiffs argue that due process requires a hearing before the revocation of a lottery license.

Both the federal and state constitutions provide that no person shall be deprived of life, liberty, or property without due process. US Const, Am V; Const 1963, art 1, § 17. Since the United States Supreme Court's decision in *Bd of Regents of State Colleges v Roth,* 408 US 564; 92 S Ct 2701; 33 L Ed 2d 548 (1972), the definition of property has centered on the concept of "entitlement." "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it. It is a purpose of the ancient institution of property to protect those claims upon which people rely in their daily lives,

reliance that must not be arbitrarily undermined." 408 US 577. Thus, the statute conferring the benefit must define the interest in such a way that the individual should continue to receive it under the terms of the law. Nowak, Rotunda & Young, Constitutional Law (3d ed), § 13.5, p 474.

Applying the entitlement concept to the facts at bar, plaintiffs have failed to show the deprivation of a property interest. The lottery license created only an agency relationship, revocable at the will of either party. The agency contract itself provides that the agreement continues until terminated by either party's written notice. Such a contract cannot be said to be an expectation that a lottery license, once granted, will continue indefinitely. Additionally, the Lottery Act, MCL 432.23(1); MSA 18.969(23)(1), provides that a license to act as an agent cannot be issued to anyone to engage in business exclusively as a lottery sales agent. The lottery license at issue was only an incidental part of plaintiffs' existing business.

Having failed to demonstrate a legitimate claim of entitlement to the license so as to give rise to a protectable property interest, we cannot accept plaintiffs' argument that they were denied due process of law when a hearing was not held. We do note, however, that in drafting the agency contract, defendant obviously recognized that fairness called for an informal conference at which the agent, about to lose his license, could relate his version of the events leading up to the revocation. Because defendant already recognizes the desirability of giving the agent such an opportunity, we would urge defendant to formalize this conference through its rule-making power. We believe the interests of both the agents and defendant would be served if this were done.

Affirmed.