### In re GAMMO, INC., d/b/a Redford Mart, Debtor.

#### Bankruptcy No. 94–51725–R.

United States Bankruptcy Court,
E.D. Michigan,
Southern Division.

April 28, 1995.

Kenneth Gross, Birmingham, MI, for debtor.

Keith Roberts, Mich. Atty. Gen. Office, Lansing, MI, for State of Mich.

## SUPPLEMENTAL OPINION[1]

STEVEN W. RHODES, Bankruptcy Judge.

This matter is before the Court on the debtor's motion for an order to reinstate its lottery license issued by the State of Michigan Bureau of State Lottery ("Bureau"). It is the debtor's position that the Bureau's post-petition suspension of its lottery license with the intent to revoke violated the automatic stay, specifically §§ 362(a)(1) and (3) of the Bankruptcy Code. Following oral argument, this Court determined that the automatic stay had not been violated, and therefore denied the debtor's motion to reinstate its lottery license.

### I.

In 1985, the debtor was granted a license to operate a lottery machine on its business premises. Pursuant to its agreement with the Bureau, the debtor was required to remit payments received for lottery sales to the Bureau on a monthly basis. Due to five settlement delinquencies in one year, the debtor was placed on probation for one year beginning December 20, 1993. Under the terms of the probation, the debtor was subject to immediate suspension of its lottery license if it had more than one settlement delinquency during the probation period.

A settlement delinquency occurred on September 27, 1994. The debtor filed for bankruptcy relief on November 22, 1994. On November 23, 1994, the debtor's bank froze its account without the debtor's knowledge.

As a result, an electronic funds transfer scheduled for November 29 was not completed, and the Bureau was unable to access the amount due of $2,847.39. Due to this settlement delinquency, the Bureau immediately turned off the debtor's lottery terminal and suspended its license.

### II.

■ The debtor argues that the Bureau's actions violated the automatic stay as provided in § 362(a)(1). That provision indicates, in part, that the filing of a petition operates as a stay of the commencement or continuation of a judicial, administrative, or other action or proceeding against the debtor that could have been commenced before the commencement of the case.

The Court concludes that subsection (a)(1) does not apply in this situation because the circumstances which gave rise to the suspension of the license arose post-petition. The petition was filed on November 22, 1994. The settlement delinquency resulting in the suspension occurred November 29, 1994. The suspension was not an action that could have been commenced against the debtor before commencement of the case. Therefore, the Bureau's action did not violate § 362(a)(1).

■ The debtor further contends that the suspension violated § 362(a)(3). That section provides that there is a stay of "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." The issue here is whether the license agreement between the debtor and the Bureau is property of the estate.

■ The concept of property of the estate is largely controlled by state law. *Butner v. United States,* 440 U.S. 48, 50, 99 S.Ct. 914, 915–16, 59 L.Ed.2d 136 (1978). In addressing what property interests an agent or a licensee has in the lottery context, the Michigan Court of Appeals has stated,

[a] lottery license create[s] only an agency relationship, revokable at the will of either party.... Such a contract cannot be said

---

1. This opinion supplements an opinion given in open court on December 12, 1994.

to be an expectation that a license, once granted, will continue indefinitely.... Having failed to demonstrate a legitimate claim of entitlement to the license so as to give rise to a protectable property interest, we cannot accept plaintiff's argument that they were denied due process of law when a hearing was not held [before their license was revoked].

*Bukhtia v. Bureau of State Lottery,* 190 Mich.App. 323, 329, 475 N.W.2d 475 (1991). While this holding was not made in the context of determining a debtor's property interest for bankruptcy purposes, it is authoritative for purposes of determining what interests a licensee or agent such as the debtor has in the circumstances under state law.

The Court concludes that state law requires the result that the debtor has no enforceable property interest in its ability to sell lottery tickets for the Bureau, and accordingly, § 362(a)(3) does not apply.

For the foregoing reasons, the debtor's motion to reinstate its lottery license is denied.