KOSA v DEPARTMENT OF TREASURY

1. CONSTITUTIONAL LAW—IMPROPER USE OF FUNDS—ACCRUED UN-
   FUNDED LIABILITIES—PUBLIC SCHOOL EMPLOYEES.

   The use of current service money in a large but undetermined
   amount by the Michigan Public School Employees Retirement
   Board to pay accrued unfunded liabilities is unconstitutional
   (Const 1963, art 9, § 24).

2. COURTS—COURT OF APPEALS—CONSTITUTIONAL LAW—STATUTORY
   REQUIREMENTS—ENFORCEMENT—JURISDICTION.

   The Court of Appeals possesses jurisdiction to require public
   officials and bodies to adhere to constitutionally and statutorily
   mandated duties, obligations and prohibitions.

3. CONSTITUTIONAL LAW—LEGISLATIVE POWER—RAISE AND APPROPRI-
   ATE MONEY—COURTS—RESTRICTED POWERS.

   The power to raise money and to appropriate it is the province of
   the Legislature and it is not within the province of a court to
   order the Governor or Legislature to perform these functions.

Original action in the Court of Appeals. Submitted June 21, 1977, at Lansing. (Docket No. 27412.) Decided September 12, 1977. Leave to appeal applied for.

Complaint by Mary K. Kosa and others similarly situated against the State Treasurer and others seeking a writ of mandamus requiring the Michigan Public School Employees Retirement Board to cease using funds derived from current service money to pay accrued unfunded liabilities. Writ issued.

REFERENCES FOR POINTS IN HEADNOTES
[1] No reference.
[2] 63 Am Jur 2d, Public Officers and Employees § 322 *et seq.*
[3] 63 Am Jur 2d, Public Funds § 45.

*Foster, Swift & Collins, P. C.* (by *James A. White, Clifford D. Weiler* and *Peter F. McNenly*), for plaintiffs.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Gerald F. Young* and *Thomas F. Schimpf,* Assistants Attorney General, for defendant.

Before: D. F. WALSH, P. J., and QUINN and H. D. STAIR,* JJ.

PER CURIAM. This action for writ of mandamus has been submitted on an agreed statement of facts. It involves the funding of Michigan Public School Employees Retirement System, and it seeks to compel certain action on the part of defendants with respect to funding the system.

By paragraph 32 of the agreed statement of facts, it is established that current service money in a large but undetermined amount has been used to pay some accrued unfunded liabilities. This is directly contrary to Const 1963, art 9, § 24 and will be stopped by this Court's writ.

The foregoing answers plaintiffs' second question which they state as follows:

"Does the Michigan Court of Appeals possess jurisdiction to require the public officials and bodies to adhere to the duties, obligations and prohibitions mandated by the people's constitutional mandates and statutory requirements?"

The third question raised by plaintiffs is:

"May this Court require the governor and Legislature to reduce appropriations of non-constitutionally pro-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

tected items, thus creating monies for the proper funding of the Public School Employees Retirement System?"

The answer is no. The power to raise money and to appropriate it is the province of the Legislature. It is not within the power or province of a court to order the Legislature how it shall perform these functions, *Board of Education of the City of Detroit v Superintendent of Public Instruction,* 319 Mich 436; 29 NW2d 902 (1947).

A writ may issue requiring Michigan Public School Employees Retirement Board to cease using funds derived from current service money to pay accrued unfunded liabilities. No costs, a public question is involved.