AuSABLE MANISTEE ACTION COUNCIL, INC v STATE OF MICHIGAN

Docket No. 109084. Submitted November 14, 1989, at Lansing. Decided December 27, 1989. Leave to appeal applied for.

AuSable Manistee Action Council, Inc., filed a complaint in Crawford Circuit Court seeking an injunction to keep the State of Michigan from allowing use of Camp Grayling by military units not affiliated with or accountable to the State of Michigan. Plaintiff sought the injunction on the basis of use restrictions in the deed through which land now used by Camp Grayling was donated to the state. Plaintiff also sought declaratory relief regarding the rights and obligations of the parties with respect to the use restrictions. The court, Alton T. Davis, Jr., J., granted summary disposition in favor of the state, finding that the circuit court did not have subject matter jurisdiction over the action because the Court of Claims had exclusive jurisdiction over the matter and that the doctrine of sovereign immunity was applicable to plaintiff's action. Plaintiff appealed.

The Court of Appeals *held*:

1. Plaintiff's complaint to enforce the use restrictions constituted a cause of action arising out of a contract. Sovereign immunity does not bar contract claims against the state. The circuit court erred in its ruling on this issue.

2. The circuit court had jurisdiction over plaintiff's suit for injunctive and declaratory relief. Jurisdiction of the Court of Claims is limited to actions against the state for money damages or for equitable or declaratory relief ancillary to such claims. Since there was no claim for money damages involved with this case, there could not be ancillary claims for equitable or declaratory relief. The circuit court erred in granting summary disposition in favor of the state.

Reversed and remanded.

REFERENCES

Am Jur 2d, Courts §§ 6, 33; Municipal, County, School, and State Tort Liability § 134.

See the Index to Annotations under Claims Court; Declaratory Judgments or Relief; Deeds; Governmental Immunity or Privilege; Injunctions.

1. CONTRACTS — STATE — SOVEREIGN IMMUNITY.

   The doctrine of sovereign immunity does not bar contract claims
   against the state.

2. COURTS — COURT OF CLAIMS — JURISDICTION — EQUITABLE OR
   DECLARATORY RELIEF.

   Jurisdiction of the Court of Claims is limited to actions against
   the state for money damages and, concurrently with the circuit
   court, for equitable or declaratory relief ancillary to a claim for
   money damages; where there is no underlying claim for money
   damages, the Court of Claims has no jurisdiction over equitable
   or declaratory actions against the state (MCL 600.6419,
   600.6419a; MSA 27A.6419, 27A.6419[1]).

*Learman, Peters, Sarow & McQuillan* (by *Richard B. Learman*), for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Thomas J. Emery* and *Terry L. Norton,* Assistant Attorneys General, for defendant.

Before: McDONALD, P.J., and HOOD and GRIFFIN, JJ.

PER CURIAM. On November 9, 1987, plaintiff filed a complaint in Crawford Circuit Court seeking an injunction to enforce use restrictions in a deed. Specifically, plaintiff sought to enjoin defendant from allowing use of donated land (Camp Grayling) by military units not affiliated with or accountable to defendant. Plaintiff also sought declaratory relief regarding the rights and obligations of the parties with respect to the use restrictions.

The circuit court granted defendant summary disposition opining that (1) it lacked subject matter jurisdiction over plaintiff's suit because the Court of Claims had exclusive jurisdiction over the case

and (2) the doctrine of sovereign immunity was applicable to plaintiff's action.

Plaintiff now appeals as of right from the May 12, 1988, order dismissing its complaint. We reverse.

Plaintiff first argues that defendant was not immune from liability arising out of its suit because the action sounded in contract.

Both parties and the circuit court acknowledged that plaintiff's complaint to enforce the use restrictions constituted a cause of action arising out of a contract. Our Supreme Court has established that sovereign immunity does not bar contract claims against the state. *Zynda v Aeronautics Comm,* 372 Mich 285, 287; 125 NW2d 858 (1964); *W H Knapp Co v State Highway Dep't,* 311 Mich 186, 188; 18 NW2d 421 (1945); *Hersey Gravel Co v State Highway Dep't,* 305 Mich 333, 339; 9 NW2d 567 (1943). See also *Davidson v Michigan,* 42 Mich App 80, 83; 201 NW2d 296 (1972). Consequently, plaintiff's claim against defendant was not barred and the circuit court's ruling on this issue was incorrect.

Plaintiff next asserts that the circuit court had jurisdiction over its suit for injunctive and declaratory relief. We agree.

Under MCL 600.6419(1)(a); MSA 27A.6419(1)(a), the Court of Claims has exclusive jurisdiction to "hear and determine all claims and demands, liquidated and unliquidated, ex contractu and ex delicto, against the state and any of its departments, commissions, boards, institutions, arms, or agencies." This section has been interpreted as limiting the jurisdiction of the Court of Claims to actions for money damages. *Taylor v Auditor General,* 360 Mich 146, 151; 103 NW2d 769 (1960); *Paquin v Northern Michigan University,* 79 Mich App 605, 607; 262 NW2d 672 (1977); *Dorfman v*

*State Highway Dep't,* 66 Mich App 1, 3; 238 NW2d 395 (1975).

In 1984, the Court of Claims Act was amended to add MCL 600.6419a; MSA 27A.6419(1), which provides that the Court of Claims also has jurisdiction concurrent with the circuit court over any action for equitable or declaratory relief ancillary to a claim filed pursuant to MCL 600.6419; MSA 27A.6419 (i.e., ancillary to a claim for money damages). If no such ancillary claim exists, then the Court of Claims lacks jurisdiction over equitable claims. *77th District Judge v Michigan,* 175 Mich App 681, 699; 438 NW2d 333 (1989).

In the instant case, there was no ancillary claim for money damages. Therefore, under the clear language of MCL 600.6419a; MSA 27A.6419(1), we believe that the circuit court had jurisdiction to entertain plaintiff's action.

However, we choose not to end our analysis here because of defendant's extensive reliance upon the Supreme Court's decision in *Greenfield Construction Co, Inc v Dep't of State Highways,* 402 Mich 172; 261 NW2d 718 (1978) (plurality opinion). *Greenfield* was decided before the 1984 amendment to the Court of Claims Act and is relevant only as it relates to plaintiff's claim for declaratory relief.

In *77th District Judge v Michigan, supra,* another panel of this Court interpreted the *Greenfield* decision and stated that the Supreme Court, in finding that the Court of Claims had power to grant declaratory judgments, assumed that the Court of Claims would otherwise have jurisdiction over the substantive claim underlying the demand for declaratory relief. *77th District Judge v Michigan, supra,* p 700, citing Justice LEVIN's opinion in *Greenfield.* Consequently, this Court held that a

> [d]eclaratory judgment is appropriate in the Court of Claims only if the underlying dispute or controversy is of a nature lending itself to an eventual remedy in money damages against the state or one of its branches. [*Id.*]

As previously stated, the present case encompassed only claims for equitable relief. Therefore, even under the auspices of the *Greenfield* decision, the circuit court had jurisdiction over plaintiff's claim for declaratory relief.

In light of the aforementioned findings, we conclude that the circuit court erred in granting defendant summary disposition.

Reversed and remanded for further proceedings consistent with this opinion.