## DELLY v BUREAU OF STATE LOTTERY

Docket No. 109493. Submitted December 12, 1989, at Lansing. Decided January 25, 1990.

Samir Delly, in anticipation of the purchase of a retail establishment which had an on-line lottery terminal, requested that the Bureau of State Lottery transfer to him the lottery agent's license and terminal. The Bureau denied the request for transfer. On the day following Delly's purchase of the retail establishment, the Bureau of State Lottery removed the lottery terminal from the business premises. A few days later, Delly requested review of the decision to deny transfer of the license. Delly was informed that he was not entitled to review of the decision to remove the terminal and cancel the license. Delly then petitioned the Wayne Circuit Court for review of the decision of the Bureau of State Lottery and for a preliminary injunction. Delly, at the trial court's suggestion, amended his petition and sought a writ of mandamus. The trial court, Michael L. Stacey, J., following an evidentiary hearing at which it was brought out that transfer of the license was denied because it was learned that Delly had an outstanding civil judgment against him, granted the writ and ordered the Bureau of State Lottery to return the lottery terminal to Delly. The Bureau of State Lottery appealed.

The Court of Appeals *held:*

1. Since by statute a license to act as an agent to sell state lottery tickets may not be sold or transferred and since the determination of the state lottery commissioner with respect to a new license or a renewal license is discretionary rather than ministerial in nature, mandamus is not appropriate where the commissioner has denied a new or renewal license.

2. The denial of a lottery agency's license is not reviewable under the contested case provision of the Administrative Procedures Act, but rather is reviewable under the provision of the

REFERENCES

Am Jur 2d, Gambling §§ 264, 271; Mandamus §§ 76-80, 208, 209, 212.
See the Index to Annotations under Administrative Law; Licenses and Permits; Lotteries; Mandamus.

Revised Judicature Act relating to judicial review of the decisions of administrative bodies. Under such review the findings of the administrative body are reviewed to determine whether they are authorized by law.

Reversed and remanded for further proceedings.

EQUITY — MANDAMUS — DISCRETIONARY DECISIONS — LOTTERY COMMISSIONER.

A writ of mandamus should not be issued with respect to a refusal to grant a transfer of a lottery agent's license and lottery terminal or with respect to a refusal to grant a new license and lottery terminal, since in either case the decision of the State Lottery Commissioner is discretionary rather than ministerial in nature.

*Stauch, Arabo & Dickow, P.C.* (by *Konrad Stauch*), for petitioner.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Keith D. Roberts,* Assistant Attorney General, for respondent.

Before: REILLY, P.J., and CYNAR and T. M. BURNS,* JJ.

PER CURIAM. Respondent appeals as of right from the trial court's grant of a petition for a writ of mandamus ordering respondent to provide petitioner with an on-line terminal for the sale of lottery tickets. Respondent contends that the trial court had no authority to issue the writ of mandamus and applied the wrong standard of review in doing so. We reverse.

In anticipation of the purchase of Sonya's Market, whose owner had an on-line lottery terminal in the store, petitioner asked respondent to approve a transfer of the owner's on-line terminal and lottery license to petitioner. On February 12, 1988, respondent denied the request for a transfer

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

of the terminal and license. Petitioner purchased the market on March 17, 1988, and the terminal was removed the next day. A few days later, petitioner requested a review of respondent's decision. On April 12, 1988, respondent advised petitioner that he was not entitled to reconsideration of its decision to remove the terminal and cancel the license.

Petitioner petitioned the circuit court for review of respondent's decision and for a preliminary injunction. On May 4, 1988, at the trial court's suggestion, petitioner amended his petition to request a writ of mandamus under MCL 600.4401; MSA 27A.4401. At the evidentiary hearing held on May 13, 1988, State Lottery Commissioner Michael J. Carr testified that respondent normally approved lottery terminals at the same location when there was a change in ownership, if there was sufficient financial data for the new owner and the new owner had no criminal record. Petitioner's application for licensing was denied because a credit check revealed that petitioner owed William Beaumont Hospital on an outstanding judgment. The commissioner testified that, once the store's terminal was removed, petitioner had to apply anew for a terminal, along with other interested applicants. The commissioner further testified that he had not learned until two weeks before the circuit court hearing that the outstanding judgment against petitioner had been set aside. The trial court then ordered respondent to return the lottery terminal to petitioner.

Being an extraordinary remedy, a writ of mandamus is properly granted only when there is, in practical terms, no other remedy, legal or equitable, which might achieve the same result. *McDonald's Corp v Canton Twp,* 177 Mich App 153, 156; 441 NW2d 37 (1989); *Childers v Kent Co Clerk,* 140

Mich App 131, 135; 362 NW2d 911 (1985). The requirements for issuance of a writ of mandamus are: (1) the plaintiff must have a clear legal right to performance of the specific duty sought to be compelled; (2) the defendant must have the clear legal duty to perform such act; and (3) the act must be ministerial, " 'where the law prescribes and defines the duty to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment.' " *Carlson v City of Troy,* 90 Mich App 543, 547; 282 NW2d 387 (1979), quoting *Toan v McGinn,* 271 Mich 28, 34; 260 NW 108 (1935). See also *Shelby Twp Police & Fire Retirement Bd v Shelby Twp,* 175 Mich App 163, 165; 437 NW2d 352 (1989). The party seeking the writ must prove entitlement to such relief. *McDonald's Corp, supra* at 156.

A trial court's decision to grant a writ of mandamus is discretionary and will not be reversed absent our finding an abuse of that discretion. *Michigan Waste Systems, Inc v Dep't of Natural Resources,* 157 Mich App 746, 760; 403 NW2d 608 (1987), lv den 428 Mich 900 (1987). The trial court's findings of fact underlying the writ of mandamus will not be set aside unless clearly erroneous. *Id.*

In this case, the specific act petitioner sought to be compelled was the issuance by respondent of a lottery license to and the placement of a lottery terminal at his market. A license to act as an agent to sell lottery tickets is not assignable or transferable. MCL 432.23(4); MSA 18.969(23)(4). According to the commissioner, the lottery bureau's normal practice was to allow applicants with financial stability and no criminal record to retain terminals at the same location when there was a change in ownership. In view of the non-transferability of licenses and petitioner's financial

status at the time the decision to deny the license was made, petitioner was not entitled to retain the lottery terminal pursuant to the lottery bureau's normal practice.

More importantly, petitioner did not seek a writ of mandamus during the time the terminal could be "transferred" to him as the new owner of the store, rather, he sought such relief after the terminal had already been removed and his status was as a new applicant. Accordingly, he was entitled to be considered for a license pursuant to MCL 432.23(1); MSA 18.969(23)(1), and any applicable rules promulgated by the commissioner pursuant to MCL 432.11(1), 432.11(2)(i); MSA 18.969(11)(1), 18.969(11)(2)(i). Section 23(1) provides in pertinent part:

> Before issuing a license the commissioner shall consider factors such as the financial responsibility and security of the person and his business or activity, the accessibility of his place of business or activity to the public, the sufficiency of existing licenses to serve the public convenience and the volume of expected sales.

In addition, 1979 AC, R 432.3 provides:

> (1) In addition to the requirements of section 23 of the act [MCL 432.23; MSA 18.969(23)], the commissioner shall consider the following additional factors in determining the eligibility of any prospective licensee or renewal of a license as an agent:
> (a) The honesty and integrity of the applicant.
> (b) The veracity of the information supplied in the application for lottery sales agent's license.
> (c) The applicant's indebtedness to the state or any local government.
> (d) The business experience and general fitness of the applicant.

At most, petitioner had a clear, legal right to have his application for a license considered in light of those factors. He had no such right to the license itself, or to the terminal accompanying the license.

For the same reasons, respondent had no clear legal duty to provide petitioner with a terminal. Respondent was simply required to consider the factors stated above in deciding whether to grant petitioner's license application.

We also conclude that the commissioner's decision to grant an application for a license and provide the applicant with a terminal is discretionary, not ministerial. The commissioner is not required to issue a license to every applicant. Whether a license is issued to a particular applicant depends upon the commissioner's consideration of the factors noted, which concern the merits of the applicant, his business and the demand for lottery tickets at its location. While the commissioner must consider each factor, he need only issue a license when he deems it appropriate to do so. Because petitioner clearly did not prove his entitlement to a writ of mandamus, the trial court abused its discretion in granting one.

Because the writ of mandamus should not have been granted and petitioner has not cross appealed from the trial court's decision, we need not address the other issues raised. See *Kim v Ford Motor Co,* 170 Mich App 544, 550; 429 NW2d 203 (1988). However, we agree with respondent that the contested case provisions of the Administrative Procedures Act, MCL 24.201 *et seq.*; MSA 3.560(101) *et seq.*, were inapplicable here. The rules under the APA for contested cases do not apply unless an agency rule or statute governing the issuance of licenses require a notice and an opportunity for hearing. See *Kassab v Acho,* 150 Mich App 104,

109; 388 NW2d 263 (1986), lv den 426 Mich 862 (1986); *Kelly Downs, Inc v Racing Comm,* 60 Mich App 539, 546-547; 231 NW2d 443 (1975). Here, petitioner did not cite such a rule or statute governing the issuance of a lottery agent license. Judicial review of the state lottery commissioner's decision would, therefore, be available pursuant to MCL 600.631; MSA 27A.631. Because no hearing is required, the agency's findings and decision are reviewed to determine if they are authorized by law. *Citizens Disposal, Inc v Dep't of Natural Resources,* 172 Mich App 541, 546; 432 NW2d 315 (1988); *Michigan Waste Systems v Dep't of Natural Resources,* 147 Mich App 729, 736; 383 NW2d 112 (1985), lv den 424 Mich 900 (1986).

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.