SILVERMAN v UNIVERSITY OF MICHIGAN
BOARD OF REGENTS

Docket No. 97292. Decided May 17, 1994. On application by the
defendant for leave to appeal, the Supreme Court, in lieu of
granting leave, reversed the judgment of the Court of Appeals
and the order of the circuit court and remanded the case to the
circuit court for further proceedings.

Robert S. Silverman brought an action in the Washtenaw Circuit
Court against the University of Michigan Board of Regents,
seeking a declaration that he was a Michigan resident for the
purpose of calculating tuition at the university, and a refund of
nonresident tuition paid during 1989 through 1991. The univer-
sity moved for summary disposition on the ground that the
circuit court lacked subject-matter jurisdiction and that exclu-
sive jurisdiction lay in the Court of Claims. The court,
Donald E. Shelton, J., denied the motion, noting that MCL
600.6419a; MSA 27A.6419(1) does not deprive the circuit court
of jurisdiction over a claim for equitable relief against the state
merely because there is an ancillary claim for money damages.
The Court of Appeals, FITZGERALD, P.J., and WEAVER and
MARILYN J. KELLY, JJ., affirmed in an unpublished opinion per
curiam, finding that the relief sought was more in the nature of
an equitable remedy than damages, because the plaintiff was
not seeking money damages, but rather a determination of
whether he was a resident of the state and a return of tuition
improperly charged (Docket No. 143284). The university seeks
leave to appeal.

In an opinion per curiam, signed by Chief Justice CAVANAGH,
and Justices BRICKLEY, BOYLE, RILEY, GRIFFIN, and MALLETT,
the Supreme Court held:

The case is within the exclusive jurisdiction of the Court of
Claims.

A complaint seeking only money damages against the state is
to be filed in the Court of Claims. A complaint seeking only
equitable or declaratory relief is to be filed in the circuit court.
A complaint seeking money damages against the state as well
as equitable or declaratory relief against the state may only be
filed in the Court of Claims, because that is the sole forum that
is capable of deciding the whole case.

Reversed and remanded.

Justice LEVIN, dissenting, stated that peremptory disposition, without plenary consideration, full briefing, oral argument, and an opportunity for the profession to file briefs as amici curiae, should be reserved for cases in which the law is settled and factual assessment is not required. In this case legal assessment is required.

The real issue in this case is whether the circuit court had jurisdiction to enter a judgment declaring Silverman to be a resident of Michigan and thus entitled to a refund. 1984 PA 212 neither added to nor detracted from the powers of the circuit court, and has nothing to do with correct resolution of the issue.

The Court of Claims Act waives the state's sovereign immunity from suit, and speaks of claims ex contractu and ex delicto. The per curiam opinion does not address Silverman's claim that, in seeking a refund of money wrongfully exacted by the university, he is not seeking to maintain an action ex contractu or ex delicto, but rather is seeking a declaration of rights and the equitable remedy of restitution of money wrongfully exacted by the university as a precondition to his remaining a student at the university. The accuracy of the majority's assumption that the circuit court did not have power, before the enactment of the Court of Claims Act, to order the refund of money wrongfully exacted by a university as a precondition to attendance is to be questioned. MCL 600.4401(1); MSA 27A.4401(1), which authorizes actions for mandamus against state officers to be filed in the Court of Appeals, does not differ, insofar as specific reference to a power to enter a judgment directing the payment of money, from MCL 600.605; MSA 27A.605, establishing jurisdiction of the circuit court.

*Helen V. Gallagher* for the plaintiff.

*Cindy M. Wilder, Maria G. Alfaro-Lopez,* and *Debra A. Kowich* for the defendant.

Amici Curiae:

*Mary Elizabeth Kurz* for Michigan State University.

*Richard C. Gould* for Ferris State University.

*Thomas Butcher* for Grand Valley State University.

*Richard Jones* for Northern Michigan University.

*James Kendall* and *William C. Collins* for Saginaw Valley State University.

*Daniel J. Bernard* for Wayne State University.

PER CURIAM. The issue in this case concerns the jurisdiction of the Court of Claims. After the plaintiff filed a complaint in circuit court, the defendant moved for summary disposition on the ground that exclusive jurisdiction lies in the Court of Claims. The circuit court denied the motion and the Court of Appeals affirmed. We reverse the judgment of the Court of Appeals and the order of the circuit court, and we remand this case to the circuit court for entry of an order granting the defendant's motion for summary disposition.

I

In 1988, plaintiff Robert S. Silverman enrolled at the University of Michigan. Arriving from another state, he was charged the nonresident tuition rate.

In 1989, 1990, and 1991, the plaintiff asked the university to classify him as a Michigan resident for the purpose of calculating his tuition. These requests were denied.

A month after the 1991 denial, the plaintiff filed a complaint in circuit court. His complaint recited the many facts upon which he relied in his claim to be a Michigan resident. It then stated his demand for a declaratory judgment "that he is a Michigan Resident and entitled retroactively to a refund of the tuition difference he should have paid as a resident student if he had been correctly classified as a resident by the [university]." In a

separate count, the plaintiff alleged that the university's criteria for determining residency were vague and arbitrary, denying him equal protection and due process of law.

The concluding paragraph of the complaint contained the plaintiff's request for relief—he sought a declaratory judgment, a tuition refund, and attorney fees and costs.

The university moved for summary disposition on the ground that the circuit court lacked subject-matter jurisdiction. It argued that this case fell within the exclusive jurisdiction of the Court of Claims.

The university's motion was denied by the circuit court. The Court of Appeals affirmed.[1]

The university has applied to this Court for leave to appeal.[2]

II

The Legislature created the Court of Claims and established its jurisdiction. MCL 600.6401 *et seq.*; MSA 27A.6401 *et seq.* In general, the Court of Claims is the forum for claims in which money damages are sought from the State of Michigan or its constituent agencies.[3] In pertinent part, MCL 600.6419; MSA 27A.6419 provides:

(1) Except as provided in [MCL 600.6419a; MSA

[1] Unpublished opinion per curiam of the Court of Appeals, decided July 14, 1993 (Docket No. 143284).

[2] The university has filed a motion for immediate consideration, which we grant, and a motion for stay, which we deny as moot. Several other public universities have moved for permission to appear as amici curiae, and their motion is granted.

[3] The Court of Claims, which gathers in one forum money claims against the state, serves important purposes of public policy. For example, the Court of Claims is able to keep other branches of government informed with regard to the financial consequences of actions against the state. MCL 600.6458, 600.6461; MSA 27A.6458, 27A.6461.

27A.6419(1)] and [MCL 600.6440; MSA 27A.6440], the jurisdiction of the court of claims, as conferred upon it by this chapter, shall be exclusive. . . . The court has power and jurisdiction:

(a) To hear and determine all claims and demands, liquidated and unliquidated, ex contractu and ex delicto, against the state and any of its departments, commissions, boards, institutions, arms, or agencies.

(b) To hear and determine any claims or demands, liquidated or unliquidated, ex contractu or ex delicto, which may be pleaded by way of counterclaim on the part of the state or any department, commission, board, institution, arm, or agency of the state against any claimant who may bring an action in the court of claims. Any claim of the state or of any department, commission, board, institution, arm, or agency of the state may be pleaded by way of counterclaim in any action brought against the state, or any other department, commission, board, institution, arm, or agency of the state.

* * *

(4) This chapter shall not deprive the circuit court of this state of jurisdiction over actions brought by the taxpayer under the [General Sales Tax Act, MCL 205.51 to 205.78; MSA 7.521 to 7.549], or proceedings for declaratory or equitable relief, or any other actions against state agencies based upon the statutes of this state in such case made and provided, which expressly confer jurisdiction thereof upon the circuit court, or proceedings to review findings as provided in the [Michigan Employment Security Act, MCL 421.1 to 421.72; MSA 17.501 to 17.569(22)], or any other similar proceedings expressly authorized by the statutes of this state in such case made and provided.

This quotation of MCL 600.6419; MSA 27A.6419 reflects amendments that were made by 1984 PA 212. Before 1984, Michigan appellate courts strug-

gled to resolve whether the Court of Claims could render a declaratory judgment or grant other relief that was ancillary to a claim against the state for money damages. See, e.g., *Taylor v Auditor General,* 360 Mich 146, 149-150; 103 NW2d 769 (1960); *Greenfield Construction Co, Inc v Dep't of State Hwys,* 402 Mich 172, 197-198, 226-227; 261 NW2d 718 (1978).

To end the uncertainty created by inconsistent decisions on that procedural point, the Legislature enacted 1984 PA 212, which also added MCL 600.6419a; MSA 27A.6419(1). The measure states:

> In addition to the powers and jurisdiction conferred upon the court of claims by [MCL 600.6419; MSA 27A.6419], the court of claims has concurrent jurisdiction of any demand for equitable relief and any demand for a declaratory judgment when ancillary to a claim filed pursuant to [MCL 600.6419; MSA 27A.6419]. The jurisdiction conferred by this section is not intended to be exclusive of the jurisdiction of the circuit court over demands for declaratory and equitable relief conferred by [MCL 600.605; MSA 27A.605].[4]

In denying the university's motion for summary disposition, the circuit court noted the 1984 enactment of MCL 600.6419a; MSA 27A.6419(1), but said that the statute "does not purport to deprive the circuit court of jurisdiction over a claim for equitable relief against the state merely because there is a money damage claim ancillary to the requested relief."

---

[4] Circuit courts have original jurisdiction to hear and determine all civil claims and remedies, except where exclusive jurisdiction is given in the constitution or by statute to some other court or where the circuit courts are denied jurisdiction by the constitution or statutes of this state. [MCL 600.605; MSA 27A.605.]

In its opinion of affirmance, the Court of Appeals said that the relief sought by the plaintiff "is more in the nature of an equitable remedy than damages." It said that the plaintiff "is not seeking money damages, but rather a determination whether he was a resident of the state of Michigan and a return of tuition improperly charged." In support of its analysis, the Court of Appeals cited *Mooahesh v Dep't of Treasury,* 195 Mich App 551, 557-562; 492 NW2d 246 (1992).

.

III

There are few appellate decisions applying MCL 600.6419a; MSA 27A.6419(1). This Court has not decided a case in which the statute is at issue, and the Court of Appeals has issued a small 'number of decisions that do not shed significant light on the present dispute.[5]

In *Mooahesh,* however, the Court of Appeals was asked to apply the statute to resolve a similar controversy. Mr. Mooahesh was a 1987 Michigan lottery winner who brought a class action in circuit court, seeking relief from the Legislature's 1988 repeal of the statutory exemption of state lottery winnings from Michigan taxes.[6] Mr. Mooahesh and other members of the class had paid 1988 state income taxes under protest, so clearly he was seeking money damages from the State of Michigan.

---

[5] The Court of Appeals has held that a claim for money damages is within the exclusive jurisdiction of the Court of Claims. *Pomann, Callanan & Sofen, PC v Wayne Co Dep't of Social Services,* 166 Mich App 342, 346-347; 419 NW2d 787 (1988). Also, the Court of Claims lacks jurisdiction over a case that does not include a claim for money damages. *AuSable Manistee Action Council, Inc v Michigan,* 182 Mich App 596, 598-600; 452 NW2d 832 (1989), *77th District Judge v Michigan,* 175 Mich App 681, 698-700; 438 NW2d 333 (1989).

[6] The exemption, found in MCL 432.34; MSA 18.969(34), was repealed by 1988 PA 516.

The Court of Appeals examined the statutory language added by 1984 PA 212, and nevertheless concluded in *Mooahesh* that the circuit court had jurisdiction:

> The circuit court, upon due consideration, concluded that plaintiff was not seeking money damages, but rather a determination whether it was constitutional to take plaintiff's property and a return of property taken improperly. We believe that the circuit court's analysis was correct. The relief plaintiff seeks is more in the nature of an equitable remedy than damages. Plaintiff does not seek damages for an unrelated injury, but rather the return of money allegedly properly belonging to him. Thus, the Court of Claims did not have exclusive jurisdiction; the claims for equitable relief were properly brought in the circuit court. [195 Mich App 559.]

As explained in the next section of that opinion, we do not agree with the manner in which the *Mooahesh* panel analyzed MCL 600.6419a; MSA 27A.6419(1).

IV

The plaintiff in this case seeks money damages from a state board—he wants a partial refund of the tuition paid to the University of Michigan.[7] Plainly that claim, if it stood alone, would belong in the Court of Claims. MCL 600.6419a; MSA 27A.6419(1).

Before 1984, it was uncertain whether or how the jurisdiction of the Court of Claims would be affected by the presence in a case like this of other claims against the state for declaratory or equita-

---

[7] The plaintiff phrases his request for money damages as a request for a declaratory judgment that he is entitled to a refund. That does not alter the nature of the claim—a demand for money damages.

ble relief. By enacting 1984 PA 212, however, the Legislature authorized the Court of Claims to exercise jurisdiction over claims for declaratory and equitable relief against the state, provided that the plaintiff's suit also seeks money damages from the state or one of its agencies.

A complaint seeking only money damages against the state must be filed in the Court of Claims. A complaint seeking only equitable or declaratory relief must be filed in circuit court. A complaint seeking money damages from the state as well as equitable or declaratory relief against the state may only be filed in the Court of Claims, because that is the sole forum that is capable of deciding the whole case.[8] MCL 600.6419a; MSA 27A.6419(1).

As pleaded by the plaintiff, this case is within the exclusive jurisdiction of the Court of Claims.[9] We therefore reverse the judgment of the Court of Appeals and the order of the circuit court, and we remand this case to the circuit court for entry of an order granting the defendant's motion for summary disposition. MCR 7.302(F)(1).

CAVANAGH, C.J., and BRICKLEY, BOYLE, RILEY, GRIFFIN, and MALLETT, JJ., concurred.

LEVIN, J. (*dissenting*). I adhere to the view that

[8] Taken together, the language of MCL 600.605, 600.6419(4), and 600.6419a; MSA 27A.605, 27A.6419(4), and 27A.6419(1) would permit the interpretation that the money claim could be filed only in the Court of Claims, but that the claim for equitable or declaratory relief could be filed in either the Court of Claims or circuit court. We reject that interpretation as unsound and contrary to the intent of the Legislature, because it would mean splitting a single suit between two forums.

[9] Nothing in this opinion affects the right of a plaintiff to file separate actions in the Court of Claims and in the circuit court, where necessary to litigate claims against separate defendants. See MCL 600.6421; MSA 27A.6421. Neither does this opinion alter the rules governing joinder of claims arising from the same transaction. See MCR 2.203(A).

peremptory disposition, without plenary consideration, full briefing, oral argument, and an opportunity for the profession to file briefs as amici curiae, should be reserved for cases in which the law is settled and factual assessment is not required.[1] In the instant case, as indicated in the majority opinion, legal assessment is required. The majority acknowledges:

This Court has not decided a case in which the

---

[1] *People v Wright,* 439 Mich 914, 914-915 (1992) (Levin, J., dissenting); *Roek v Chippewa Valley Bd of Ed,* 430 Mich 314, 322; 422 NW2d 680 (1988) (Levin, J., separate opinion); *Grames v Amerisure Ins Co,* 434 Mich 867, 868-875 (1990) (Levin, J., dissenting); *People v Little,* 434 Mich 752, 769-770; 456 NW2d 237 (1990) (Levin, J., dissenting); *People v Wrenn,* 434 Mich 885, 885-886 (1990) (Levin, J., dissenting); *Harkins v Northwest Activity Center, Inc,* 434 Mich 896, 899 (1990) (Levin, J., dissenting); *Dep't of Social Services v American Commercial Liability Ins Co,* 435 Mich 508, 515; 460 NW2d 194 (1990) (Levin, J., separate opinion); *Yahr v Garcia,* 436 Mich 872, 872-873 (1990) (Levin, J., dissenting); *Universal Underwriters Ins Co v Vallejo,* 436 Mich 873, 873-874 (1990) (Levin, J., dissenting); *People v Stephens,* 437 Mich 903, 903-910 (1991) (Levin, J., dissenting); *People v Berkey,* 437 Mich 40, 54; 467 NW2d 6 (1991) (Levin, J., dissenting); *Turner v Washtenaw Co Rd Comm,* 437 Mich 35, 38-39; 467 NW2d 4 (1991) (Levin, J., separate opinion); *Lepior v Venice Twp,* 437 Mich 955, 956-966 (1991) (Levin, J., dissenting); *Rochester Hills v Southeastern Oakland Co Resource Recovery Authority,* 440 Mich 852, 852-856 (1992) (Levin, J., dissenting); *In re Reinstatement of Eston (Grievance Administrator v Eston),* 440 Mich 1205, 1205-1207 (1992) (Levin, J., dissenting); *In re Reinstatement of Callanan,* 440 Mich 1207, 1207-1209 (1992) (Levin, J., dissenting); *McFadden v Monroe Civil Service Comm,* 440 Mich 890, 890-891 (1992) (Levin, J., dissenting); *Holly Twp v Dep't of Natural Resources (Holly Twp v Holly Disposal, Inc),* 440 Mich 891, 891-893 (1992) (Levin, J., dissenting); *Marzonie v ACIA,* 441 Mich 522, 535-539; 495 NW2d 788 (1992) (Levin, J., dissenting); *People v Waleed,* 441 Mich 902, 902-903 (1992) (Levin, J., dissenting); *People v Hardison,* 441 Mich 913, 914-916 (1993) (Levin, J., dissenting); *People v Justice,* 441 Mich 916, 917-919 (1993) (Levin, J., dissenting).

See *Schweiker v Hansen,* 450 US 785, 791; 101 S Ct 1468; 67 L Ed 2d 685 (1981) (Marshall, J., dissenting) ("A summary reversal is a rare disposition, usually reserved by this Court for situations in which the law is settled and stable, the facts are not in dispute, and the decision below is clearly in error"); *Leis v Flynt,* 439 US 438, 457-458; 99 S Ct 698; 58 L Ed 2d 717 (1979) (Stevens, J., dissenting) ("Summary reversal 'should be reserved for palpably clear cases of . . . error.' *Eaton v Tulsa,* 415 US 697, 707 [94 S Ct 1228; 39 L Ed 2d 693 (1974)] [Rehnquist, J., dissenting]").

statute is at issue, and the Court of Appeals has issued a small number of decisions that do not shed significant light on the present dispute.[2]

I

The majority holds that a complaint seeking money damages from the state, as well as declaratory relief, may only be filed in the Court of Claims because that is the "sole forum that is capable of deciding the whole case."[3] The premise of the majority is thus that the circuit court does not have power to enter a declaratory judgment that a unit of state government is indebted to a citizen, and to order ancillary relief.

The majority ignores that the 1984 legislation,[4] granting concurrent jurisdiction to the Court of Claims of a demand for declaratory judgment, specifically provided that the jurisdiction then conferred "is not intended to be exclusive of the jurisdiction of the circuit court over demands for declaratory and equitable relief conferred by section 605" of the Revised Judicature Act.[5]

---

[2] *Ante,* p 215.

[3] *Ante,* p 217.

[4] 1984 PA 212, MCL 600.6419a; MSA 27A.6419(1).

[5]   Circuit courts have original jurisdiction to hear and determine all civil claims and remedies, except where exclusive jurisdiction is given in the constitution or by statute to some other court or where the circuit courts are denied jurisdiction by the constitution or statutes of this state. [MCL 600.605; MSA 27A.605.]

Const 1963, art 6, § 13, provides:

   The circuit court shall have original jurisdiction in all matters not prohibited by law; appellate jurisdiction from all inferior courts and tribunals except as otherwise provided by law; power to issue, hear and determine prerogative and remedial writs; supervisory and general control over inferior

II

The real issue in the instant case is whether the circuit court had jurisdiction to enter a judgment declaring Silverman to be a resident and entitled to a refund.

The 1984 amendments[6] neither added to nor detracted from the powers of the circuit court, and have nothing to do with the correct resolution of that issue.

The Court of Claims Act waives the state's sovereign immunity from suit, and speaks of claims ex contractu and ex delicto.

The per curiam opinion does not address Silverman's argument that in seeking a refund of money claimed to have been wrongfully exacted by the university, he is not seeking to maintain an action ex contractu or ex delicto, but rather is seeking a declaration of rights and the equitable remedy of restitution of money wrongfully exacted by the university as a precondition to his remaining a student at the university.

I question the accuracy of the majority's assumption that the circuit court did not have power, before the enactment of the Court of Claims Act, to order the refund of money wrong-

courts and tribunals within their respective jurisdictions in accordance with rules of the supreme court; and jurisdiction of other cases and matters as provided by rules of the supreme court.

[6] In addition to the powers and jurisdiction conferred upon the court of claims by section 6419, the court of claims has concurrent jurisdiction of any demand for equitable relief and any demand for a declaratory judgment when ancillary to a claim filed pursuant to section 6419. *The jurisdiction conferred by this section is not intended to be exclusive of the jurisdiction of the circuit court over demands for declaratory and equitable relief conferred by section 605.* [MCL 600.6419a; MSA 27A.6419(1). Emphasis added.]

fully exacted by a university as a precondition to attendance.

In *Kosa v State Treasurer,* 408 Mich 356; 292 NW2d 452 (1980), the plaintiff was permitted to maintain an action in the Court of Appeals seeking a writ of mandamus against the State Treasurer, the Legislature, and other state officials to compel the defendants to fund the Michigan Public School Employees' Retirement System.[7] The enabling legislation, authorizing such actions to be filed in the Court of Appeals,[8] does not differ, insofar as specific reference to a power to enter a judgment directing the payment of money, from RJA § 605 or the provision of the 1984 amendments stating that the jurisdiction conferred on the Court of Claims respecting declaratory judgments is not to be exclusive of the jurisdiction of the circuit court over demands therefor conferred by RJA § 605.

I would grant leave to appeal and dissent from the reversal of the judgment of the Court of Appeals.

---

[7] Similarly, see *Musselman v Governor,* 200 Mich App 656; 505 NW2d 288 (1993), lv gtd 445 Mich 881 (1994).

[8] An action for mandamus against a state officer shall be commenced in the court of appeals, or in the circuit court in the county in which venue is proper or in Ingham county, at the option of the party commencing the action. [MCL 600.4401(1); MSA 27A.4401(1).]

An action for mandamus against a state officer may be brought in the Court of Appeals or the circuit court. [MCR 3.305(A)(1).]