Young, J.
I concur with the majority because it sets forth a reasonable interpretation of MCL 600.6419(1), MCL 600.6419(4), and MCL 600.6419a. However, I write separately to encourage the Legislature to reexamine these poorly drafted statutes.
It is extremely rare that the meaning of a statute cannot be plainly or constructively ascertained. If the clear and unambiguous text does not provide a stat *776 ute’s meaning, then an application of the well-established rules of statutory construction usually resolves any ambiguity. I believe the statutes conferring jurisdiction on the Court of Claims may present one of those extremely rare instances where the meaning of a statute, or set of statutes, cannot be clearly determined through this process.
While the majority selects a reasonable interpretation of the Court of Claims statutory authority to resolve this plaintiffs complaint,[1] a study of MCL 600.6419(1), MCL 600.6419(4), and MCL 600.6419a suggests a host of potential jurisdictional ambiguities that cannot be easily resolved by the usual modes of judicial analysis.
Perhaps more important, because the jurisdictional provisions set forth in the Court of Claims Act are unquestionably less than clear, it is possible that a future court may find the jurisdictional reach of the Court of Claims to be inconsistent with current practice. Because lack of subject matter jurisdiction is a challenge that can be brought at any time, even after a case is concluded, the effect of such an interpretation could prove to be a significant barrier to finality and thus to the efficient administration of justice.
Simply put, in my judgment, the statutory scheme enacted by the Legislature is a textbook example of poor draftsmanship. Because easily applicable subject matter jurisdiction guidelines are a basic and necessary prerequisite to an efficient judicial system, I strongly encourage the Legislature to reconsider the jurisdictional provisions in the Court of Claims Act, *777 MCL 600.6401 et seq., and to make more clear its intent concerning the scope of the Court of Claims jurisdiction, including the jurisdictional relationship between the Court of Claims and our circuit courts.

 For example, compare Silverman v Univ of Michigan Bd, of Regents, 445 Mich 209; 516 NW2d 54 (1994), which presents, in my view, an alternative reasonable construction.